*[1185]
 
 BUTTLER, J.
 

 Defendant appeals from a judgment on two convictions: one for criminal activity in drugs by possession, ORS 167.207,
 
 [1]
 
 and the other for criminal use of drugs, ORS 167.217.
 
 [2]
 
 For the purpose of sentencing, the convictions were merged and defendant was sentenced to an indeterminate term of four years.
 

 The convictions arose out of one incident, witnessed by an undercover officer, which consisted of another person’s injecting into defendant’s arm a "controlled substance” later identified as phencyclidine (POP). Under these facts, it is contended that defendant was
 
 *[1186]
 
 not only guilty of using the drug, but he was also guilty of possessing it because it was in his bloodstream.
 

 The legislative scheme does not permit such a conclusion. If we were to accept the state’s theory, everyone guilty of criminal use of drugs under ORS 167.217, subject to a maximum term of one-year imprisonment, would also be guilty of criminal activity in drugs under ORS 167.207, subject to a maximum term of imprisonment of ten years. Not only would there be no necessity for ORS 167.217, but the apparent legislative scheme of treating illegal use as a less serious offense than illegal possession would be thwarted.
 

 Furthermore, ORS 161.015(8) defines "possess” as meaning "to have physical possession or
 
 otherwise
 
 to exercise dominion or control over property.” (Emphasis added.) Under the statutory definition, the exercise of dominion or control over the property is necessary. Obviously, after a drug is ingested or injected into the human body, the host body can no longer exercise dominion or control over it.
 

 The state contends that defendant waived the error by not objecting to the judgment order entered in the circuit court, citing
 
 State v. Webber,
 
 14 Or App 352, 513 P2d 496 (1973).
 
 Webber
 
 dealt with a
 
 Woolard
 

 [3]
 

 -
 
 type error, which we have stated in several cases, starting with
 
 State v. Farr,
 
 8 Or App 78, 492 P2d 305,
 
 rev den, cert denied
 
 406 US 973 (1972), would not be considered on appeal in the absence of proper objection in the trial court. In
 
 Woolard,
 
 separate statutes were violated and the question was whether separate convictions and sentences could be imposed. A variation arose in
 
 State v. Welch,
 
 264 Or 388, 505 P2d 910 (1973), in which defendant was convicted of two violations of the same statute where the conduct was part of a single transaction, and was sentenced on
 
 *[1187]
 
 both. In the case at bar, we have held that defendant’s conduct did not violate ORS 167.207, and therefore his conviction on that count cannot stand. Unlike the
 
 Woolard-Welch
 
 type error, the error here is that the facts do not constitute a crime under ORS 167.207. Assuming, arguendo, that the error was waived by defendant’s failure to move for judgment of acquittal, we exercise our discretion to notice egregious error apparent on the face of the record, to avoid clear injustice.
 
 State v. Martin,
 
 15 Or App 498, 516 P2d 753 (1973),
 
 rev den
 
 (1974).
 

 Since the trial court merged the two convictions for the purpose of sentencing and sentenced defendant to a term in excess of the maximum authorized for a Class A misdemeanor, we must remand for resentencing.
 

 Reversed as to Count I, criminal activity in drugs by possession, and remanded for resentencing on Count II.
 

 [1]
 

 ORS 167.207 provides:
 

 "(1) A person commits the offense of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug.
 

 "(2) Except as provided in subsections (3) and (4) of this section, criminal activity in drugs is a Class B felony, or the court may, under the criteria set forth in ORS 161.705, enter judgment for a Class A misdemeanor and impose sentence accordingly.
 

 "(3) Notwithstanding subsection (2) of this section, if the conviction is for possession of less than one avoirdupois ounce of marijuana it is a violation punishable by a fine of not more than $100.
 

 "(4) Notwithstanding subsection (2) of this section, if the defendant is 18 years of age or over and the conviction is for furnishing a narcotic or dangerous drug to a person under 18 years of age and who is at least three years younger than the defendant, criminal activity in drugs is a Class A felony.”
 

 [2]
 

 ORS 167.217 provides:
 

 "(1) A person commits the offense of criminal use of drugs if he knowingly uses or is under the influence of a narcotic or dangerous drug, except when administered or dispensed by or under the direction of a person authorized by law to prescribe and administer narcotic drugs and dangerous drugs to human beings.
 

 "(2) In any prosecution for violation of subsection (1) of this section, it is not necessary to allege or prove what specific drug the defendant used, or was under the influence of, in order to establish a prima facie case. Evidence that the specific drug is not within the definition of "narcotic drugs” in ORS 474.010 or the definition of "dangerous drugs” in ORS 475.010 is a defense.
 

 "(3) Criminal use of drugs is a Class A misdemeanor.
 

 "(4) Notwithstanding subsection (3) of this section, if the conviction is for criminal use of marijuana, criminal use of drugs is a violation punishable by a fine of not more than $100.”
 

 [3]
 

 State v. Woolard,
 
 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971).