STATE of Alaska, Appellant,

v.

Earl J. THRONSEN, Appellee.

No. A-3431.

Court of Appeals of Alaska.

April 26, 1991.

---

Richard J. Ray, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Douglas B. Baily, Atty. Gen., Juneau, for appellant.

J. John Franich, Asst. Public Advocate, Fairbanks, and Brant McGee, Public Advocate, Anchorage, for appellee.

OPINION

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

COATS, Judge.

On November 8, 1989, the police served a search warrant on a house in Fairbanks

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

which was rented by Earl J. Thronsen's brother. The police described the residence as a "crack house"—a place where people regularly go to congregate and use cocaine. The warrant authorized the police to look for cocaine, cocaine paraphernalia, and the ingredients for making the "crack" form of cocaine.

Thronsen was in the house when the search warrant was executed. He was lying face down on a couch in the living room; his hands were beneath him. It appeared to the police officer conducting the search that Thronsen was hiding something underneath his hands. When the police searched the couch, they found a syringe underneath a cushion where Thronsen had been lying. Thronsen's hands had been at the place where the cushions were separated. The syringe was the type used for intravenous drug use; that type of syringe usually leaves track marks on a person's arms. Thronsen had track marks on his arms. Later tests indicated that the syringe contained a trace residue of cocaine.

A sample of Thronsen's blood and urine was taken on November 9, 1989 at 6:39 p.m. and was sent to Anchorage for testing. The urine sample screened positive for the presence of cocaine and/or its metabolites. Expert testing established that Thronsen must have consumed cocaine within the previous 72 hours from the time the urine specimen was collected.

A grand jury indicted on two counts of misconduct involving a controlled substance in the fourth degree. AS 11.71.-040(a)(3)(A). In Count I, the grand jury charged Thronsen with knowingly and unlawfully possessing a syringe which contained cocaine. In Count II, the grand jury charged that Thronsen "unlawfully possessed in his body ... cocaine." Thronsen was tried by a jury on these charges.

Thronsen testified at trial. He stated that he had, on previous occasions, taken cocaine with his brother at his brother's house. Although he denied possessing the syringe found in the couch, he stated that in the past, he had shot up cocaine in his brother's house with the type of syringe which was discovered under the couch. He said he had not consumed cocaine at his brother's house on November 8. However, he had smoked a little cocaine at his own house "way earlier" than the time that the search warrant was executed on his brother's house.

At the end of the state's presentation of its case, Thronsen moved for a judgment of acquittal on Count II, which charged Thronsen with possession of cocaine "in his body." Thronsen argued that he could not be convicted of possession of cocaine in his body because he no longer had control over the cocaine once he ingested or injected it. Superior Court Judge Richard D. Savell denied this motion without prejudice.

The jury found Thronsen not guilty on Count I, possession of cocaine in the syringe, and guilty of Count II, possession of cocaine "in his body." Following trial, Judge Savell reconsidered Thronsen's motion for judgment of acquittal on Count II, and then set aside and vacated the judgment of conviction. He reasoned that, although the state could use the presence of cocaine in Thronsen's blood or urine as circumstantial evidence that Thronsen had earlier possessed or used cocaine, the indictment did not charge Thronsen with prior possession of cocaine. The indictment only charged Thronsen with possession of cocaine "in his body." Judge Savell relied on *State v. Downes*, 31 Or.App. 1183, 572 P.2d 1328, 1330 (1977) and *State v. Flinchpaugh*, 232 Kan. 831, 659 P.2d 208, 211 (1983). Judge Savell stated, "[t]hese cases hold that control is an essential element of possession and that because the host body cannot exercise control or dominion over a substance after it is ingested ... the mere presence in the body cannot support a criminal conviction for possession." Judge Savell went on to say:

Plaintiff seeks to escape the effect of the cited cases by arguing that here "Mr. Thronsen clearly injected the cocaine into his own system...." This argument misses the mark. There was no evidence that defendant ingested the cocaine that was in his system. Nor may plaintiff rely upon defendant's presence in a

"crack house" or the presence of a cocaine soiled syringe nearby. Defendant was acquitted of knowing possession of the syringe. And, there was no evidence of when, where or how defendant possessed the cocaine that ended up in his system. Most importantly, defendant was not charged with possession of cocaine at the time and place of ingestion. Rather, he was only charged with possessing the drug in his body. This additional element, *i.e.*, possession *in the body*, is fatal to the state's case. (Emphasis in original.)

Judge Savell entered a judgment of acquittal on Count II. The state appeals from this order. We affirm.

We may not reverse a genuine verdict of acquittal on appeal without violating the constitutional provisions of the United States and the Alaska Constitutions which prohibit putting a defendant twice in jeopardy. *See United States v. Martin Linen Supply Company*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *State v. Kott*, 636 P.2d 622, 623 (Alaska App.1981), *aff'd* 678 P.2d 386 (Alaska 1984). In addition, AS 22.07.020(d)(2) states that "the state has no right of appeal in criminal cases except to test the sufficiency of the indictment or information or to appeal a sentence on the ground that it is too lenient." Since Judge Savell's order purported to be a judgment of acquittal, we ordered the parties to brief whether this court had jurisdiction. The parties submitted supplemental briefs.

Where, "the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged," the ruling constitutes a judgment of acquittal. *Martin Linen Supply Company*, 430 U.S. at 571, 97 S.Ct. at 1354–55. However, courts are not bound by the fact that a judge refers to his ruling as a "judgment of acquittal." In some cases, the judge's ruling can be classified as a motion dismissing the indictment. *See Selman v. State*, 406 P.2d 181, 186 (Alaska 1965). In this case, we might be able to properly classify Judge Savell's order as essentially dismissing the indictment against Thronsen. On the other hand, Judge Savell's order does appear to weigh some of the evidence which the state presented against Thronsen. This part of his order would support a conclusion that it was a genuine judgment of acquittal.

We find it unnecessary to resolve this issue. We conclude that Judge Savell was correct in concluding that, on its face, the indictment charged Thronsen with possession of cocaine "in his body." All of the cases we have reviewed support the conclusion that a defendant cannot be convicted for possession of cocaine in his or her body. These cases conclude that a person who has cocaine in his or her body has no control over the cocaine and therefore does not have possession. *Flinchpaugh*, 659 P.2d at 208; *Downes*, 572 P.2d at 1328. The state has cited us to cases from Georgia which hold that a defendant may be convicted of possession of cocaine based upon positive blood and urine tests for cocaine. *Green v. State*, 194 Ga.App. 343, 390 S.E.2d 285 (1990), *aff'd* 260 Ga. 625, 398 S.E.2d 360 (1990). However, these cases only stand for the proposition that a defendant may be convicted of possession of cocaine based upon this evidence. They do not appear to stand for the proposition that a defendant may be convicted of possession of cocaine "in his body." We accordingly affirm Judge Savell's order dismissing Count II of the indictment.

AFFIRMED.

MANNHEIMER, J., not participating.