Submitted on record and appellant's brief December 19, 1991, convictions affirmed and remanded for resentencing February 12, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## SERGIO CONTRERAS ANAYA,
*Appellant.*

(C90-04-32398; CA A66339)

826 P2d 27

Jeff Price, Portland, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals convictions for delivery and possession of controlled substances, both as part of a scheme or network. ORS 475.992; OAR 253-04-002(3), App 4.[1] The court "merged" the two convictions and sentenced defendant under the sentencing guidelines for delivery of a controlled substance as part of a scheme or network. Defendant contends that his motion for judgment of acquittal should have been allowed, because there was insufficient evidence to support the verdicts and that the sentence was unlawful under *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). The state concedes, by letter, that the sentence was unlawful but does not respond to defendant's other contentions. If there was not sufficient evidence, then defendant is entitled to dismissal and the sentencing issue would be moot.

Undercover police officer Barbour approached defendant on the street, and they made a deal for defendant to sell Barbour $20 worth of cocaine. She gave defendant $20, and he called to co-defendant Torres-Sanchez, who was nearby, that Barbour wanted "twenty dollars worth." The co-defendant reached into the waistband of his pants and threw a small baggie of cocaine on the ground in front of Barbour. The two men were arrested and, in a subsequent search, the police found additional cocaine in the co-defendant's pants, but no drugs on defendant.

■ Defendant argues that he is not guilty of delivery of the drugs, because he did not physically give drugs to Barbour. He is wrong. He obviously was involved in the sale; he took the money and transmitted the order to the co-defendant, who gave the drugs to the officer. He aided the co-defendant in the actual delivery of the drugs for money.

■ He also argues that he is not guilty of possession of cocaine, because he did not actually have any drugs in his possession. ORS 475.992(4) provides:

> "It is unlawful for any person knowingly or intentionally to possess a controlled substance * * *."

---

[1] The judgment says that "defendant has been convicted on defendant's plea of guilty." The judgment is in error. The record shows that defendant was convicted after a plea of not guilty and a trial to the court.

ORS 161.015(8) says:

> " 'Possess' means to have physical possession or otherwise exercise dominion or control over property."

A person may possess a drug by having dominion or control. Consequently, physical possession is not the only means to possess under ORS 475.992(4). The court could find from the evidence that defendant knowingly exercised joint dominion and control of the cocaine with the co-defendant, even though he did not physically possess it. The court did not err by denying the motion for acquittal.

Defendant challenged the sentence below, and the state concedes that the court erred. *State v. Moeller, supra.*

Convictions affirmed; remanded for resentencing.