[No. 14901-0-II.   Division Two.   August 11, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. CURTIS
LEE RUDD, *Appellant.*

*John A. Hayes,* for appellant.

*C.C. Bridgewater, Prosecuting Attorney,* for respondent.

MORGAN, J. — Curtis Rudd appeals his conviction for possession of cocaine. We affirm.

On February 7, 1991, police went to a motel room to arrest Rudd on an outstanding warrant. Rudd responded by running into the bathroom, shutting the door, and barricading himself in. When the officers demanded that he come out, he refused and threatened to kill himself. After some time, however, he relented and allowed the police into the bathroom.

When the police entered the bathroom, they saw baggies containing small amounts of white powder. They also noticed Rudd "was shaking, fainty, cold, clammy, weak and appeared sick."[1] Rudd said he needed to go to the hospital, because he had swallowed seven baggies filled with cocaine. The police rushed him to the hospital, where the medical staff made the decision to pump his stomach. That was done, and a number of baggies were recovered. Although some were broken, others were intact and filled with cocaine.

The State charged Rudd with possession of the cocaine retrieved from the intact baggies. Later, he was convicted on stipulated facts.

The sole question on appeal is whether the evidence is sufficient to support the conviction. Citing *State v. Hornaday*, 105 Wn.2d 120, 125-26, 713 P.2d 71 (1986), Rudd argues that evidence is insufficient to support a finding of possession when it shows only that a person had baggies of cocaine inside his or her stomach.

Cases involving an illegal substance inside the body can be divided into two categories. The first involves assimilation; the second involves concealment.

In an assimilation case, the defendant ingests or injects the substance directly into the body. The substance is assimilated into the bloodstream, and the defendant loses dominion and control over it. Necessarily, the defendant also ceases to possess it, for dominion and control are the key features of possession. Thus, evidence showing assimilation is generally insufficient to support a conviction for posses-

---

[1]Finding of fact 2.12, Clerk's Papers, at 18.

sion after ingestion.[2] *State v. Thronsen,* 809 P.2d 941, 943 (Alaska Ct. App. 1991); *State v. Flinchpaugh,* 232 Kan. 831, 659 P.2d 208 (1983) (citing *State v. Downes,* 31 Or. App. 1183, 572 P.2d 1328 (1977)); *Franklin v. State,* 8 Md. App. 134, 258 A.2d 767 (1969), *cert. denied,* 257 Md. 733 (1970); *State v. Lewis,* 394 N.W.2d 212, 214 (Minn. Ct. App. 1986); *State v. Yanez,* 89 N.M. 397, 553 P.2d 252 (Ct. App. 1976); *see People v. Spann,* 187 Cal. App. 3d 400, 403-07, 232 Cal. Rptr. 31, 32-34 (1986).

■ ■ In a concealment case, the defendant ingests or otherwise inserts into the body a balloon, baggie, or similar container filled with an illegal substance. Rather than being assimilated into the bloodstream, the substance remains concealed in the body until retrieved or expelled. The defendant does not lose dominion and control over it, nor does he cease to possess it. Thus, evidence showing concealment is generally sufficient to support a conviction for possession after ingestion. *See Spann,* at 404 n.6 ("secretion of a controlled substance in the body, as in the anus, for the purpose of its concealment, constitutes possession"); *United States v. Montoya de Hernandez,* 473 U.S. 531, 539 n.2, 87 L. Ed. 2d 381, 105 S. Ct. 3304 (1985) (listing 18 concealment cases); *United States v. Chukwubike,* 956 F.2d 209 (9th Cir.), *cert. denied,* 119 L. Ed. 2d 212 (1992); *United States v. Yakubu,* 936 F.2d 936 (7th Cir. 1991); *Oviedo v. State,* 767 S.W.2d 214 (Tex. Ct. App. 1989).[3]

---

[2]We have no occasion to consider whether evidence of assimilation can be used circumstantially to prove possession before ingestion. *Compare United States v. Blackston,* 940 F.2d 877, 888-91 (3d Cir.), *cert. denied,* 116 L. Ed. 2d 634 (1991), *and Franklin v. State,* 8 Md. App. 134, 136, 258 A.2d 767, 769 (1969) (yes), *cert. denied,* 257 Md. 733 (1970), *with People v. Spann,* 187 Cal. App. 3d 400, 407-08, 232 Cal. Rptr. 31, 34-35 (1968) (no); *see also State v. Thronsen,* 809 P.2d 941, 942 (Alaska Ct. App. 1991) (trial judge reasoned that cocaine in the blood or urine could be used as circumstantial evidence that defendant had earlier possessed cocaine).

[3]Except for *Spann,* these cases involve Fourth Amendment rather than sufficiency issues. Nevertheless, it is beyond question that each of them implicitly recognizes that evidence is sufficient to support a conviction for possession when it shows that the defendant secreted inside his or her body an illegal substance enclosed in a baggie, balloon, or similar receptacle.

*Hornaday*, is an assimilation case. There, an officer approached a person who had the odor of alcohol on his breath and who otherwise appeared intoxicated. The officer identified the person as Hornaday and determined that his age was 20. The officer arrested him for illegal consumption or possession of alcohol and, subsequently, for resisting arrest. 105 Wn.2d at 122. The district court held that the defendant "was in possession of liquor because it was in his body." 105 Wn.2d at 122. Later, however, the Supreme Court disagreed. It stated:

> Once a controlled substance is within a person's system, the power of the person to control, possess, use, dispose of, or cause harm is at an end. The drug is assimilated by the body. The ability to control the drug is beyond human capabilities. The essential element of control is absent. Evidence of a controlled substance after it is assimilated in a person's blood does not establish possession or control of that substance.

105 Wn.2d at 126 (quoting *Flinchpaugh*, 232 Kan. at 834).

Neither party cites a Washington concealment case, nor do we know of any. However, we now hold that if a defendant ingests or otherwise conceals inside the body a balloon, baggie, or similar receptacle containing a controlled substance, and the contents of the receptacle are not assimilated into the body, but rather are recovered and admitted at trial, the evidence is sufficient to support a finding that the defendant possessed a controlled substance during the time the receptacle was in the body.

Here, several intact baggies containing cocaine were recovered from Rudd's stomach at the hospital. Later, they were admitted at trial. As a result, the evidence was sufficient to support his conviction.

Affirmed.

ALEXANDER, C.J., and GREEN, J. Pro Tem., concur.