Argued and submitted August 10, 2000, affirmed August 8, 2001

## STATE OF OREGON,
*Appellant,*

*v.*

## PAUL M. DALINE,
*Respondent.*

## 99-1130; A107909

30 P3d 426

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

William K. Sargent argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* De Muniz, J., resigned.

## WOLLHEIM, J.

The state appeals from a final order entered before trial that granted defendant's demurrer to Count I of an indictment. *See* ORS 138.060(1) (state may appeal from pretrial order dismissing accusatory instrument). We review for errors of law, ORS 138.220, and affirm.

The facts are not in dispute. Defendant was charged in a two-count indictment. Count I alleged possession of a controlled substance (PCS), ORS 475.992, and Count II alleged driving under the influence of intoxicants (DUII), ORS 813.010. Count I of the indictment alleged that "[t]he said defendant, on or about January 31, 1999, * * * did unlawfully and knowingly have *in his body* a controlled substance, to-wit: Heroin[.]" (Emphasis added.) Before trial, defendant demurred to Count I, arguing that the facts, as they appeared on the face of the indictment, did not constitute an offense. ORS 135.630(4).[1] Specifically, defendant relied upon *State v. Downes*, 31 Or App 1183, 572 P2d 1328 (1977), which held that possession of a controlled substance in one's bloodstream did not constitute the crime of PCS.[2]

In response to defendant's demurrer, the state argued that *Downes* was no longer controlling authority because the statutory scheme had since been changed by the

---

[1] ORS 135.630 provides, in part:

"The defendant may demur to the accusatory instrument when it appears on the face thereof:

"* * * * *

"(4) That the facts stated do not constitute an offense[.]"

[2] We emphasize that the issue in this case is whether the presence of a controlled substance within a person's body, or more specifically, within a person's bloodstream, violates ORS 475.992. It is not disputed here that the presence of a controlled substance within a person's body might be considered evidence that the person had, at some earlier point in time, possessed a controlled substance. In *State v. Blount*, 143 Or App 582, 589, 924 P2d 860, *rev den* 324 Or 488 (1996), in the context of determining whether probable cause existed for arrest, we held that the arresting officer who observed signs of intoxication "was entitled to infer that defendant had possessed methamphetamine *before* introducing it into his body." (Emphasis added.) Here, by contrast, the state did not allege that defendant possessed a controlled substance before introducing it into his body but rather alleged that defendant possessed a controlled substance by having it in his body.

legislature.[3] The trial court agreed with defendant's argument and entered a final order granting defendant's demurrer to Count I. The state appeals from that order.

■ We are limited to evaluating the facts solely as they are alleged in the count and may not consider facts extrinsic to the indictment. *State v. Morgan*, 151 Or App 750, 755, 951 P2d 187 (1997), *rev den* 327 Or 82 (1998). The state argues for the first time on appeal that the language of the indictment was broad enough to cover not only a situation where defendant has a controlled substance in his bloodstream but also where defendant has physical possession of a controlled substance *inside* of his body. In support of that argument, the state provided the following examples:

> "In order to hide his drugs from patrolling officers, drug dealer A keeps the packets in his mouth until he transfers them to a customer. The fact that A has them in his mouth (*i.e.,* inside his body) does not mean that he does not 'possess' them.

> "In order to introduce drugs into a jail or secure facility, inmate A places the drugs into a body orifice (*e.g.,* rectum, vagina) before entering. The fact that A has the drugs inside an orifice does not mean that she does not 'possess' them.

> "In order to carry drugs across the border without detection, smuggler A puts the drugs into balloons and swallows them with the intent to recover the balloons after entry. The fact that A has the drugs inside his intestinal tract does not mean that he does not 'possess' them."

The state argues that, because the language of the indictment could encompass a situation like one of the enumerated examples, the facts as alleged in Count I were sufficient to survive a demurrer under ORS 135.630(4). The state's argument was neither presented nor argued to the trial court below and thus is not preserved. Because the trial court did

---

[3] The legislature approved ORS chapter 475 on July 26, 1977, and the provisions at issue in this case became effective on July 1, 1978. Or Laws 1977, ch 745, § 56. *Downes* was decided on December 12, 1977, and therefore *former* ORS 167.207, *repealed by* Or Laws 1977, ch 745, § 54, and ORS 167.217, *repealed by* Or Laws 1977, ch 745, § 54, applied to the defendant's acts and to the resolution of that case. The remainder of this opinion will refer to the 1975 versions of those statutes.

not have the opportunity to address the state's argument, we decline to address it for the first time on appeal because

> " 'the requirement that an issue be presented to the lower tribunal in order for it to be raised on appeal serves to prevent error. If the first tribunal is given the opportunity to make a ruling, its ruling may well be correct. Relatedly, it would be a disservice to the economy of the process to require the lower tribunal to conduct further proceedings in order to rectify an error that it was never given the initial opportunity to avoid.' " *State v. Gutierrez*, 170 Or App 91, 94, 11 P3d 690 (2000) *quoting J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den* 321 Or 47 (1995).

This case was presented and argued as a "possession by consumption" case. Consequently, we do not decide whether the state's theory constitutes possession under the statutory definition. We agree with the trial court that the demurrer was appropriate for the reasons that follow.

In *Downes*, the defendant was convicted of criminal activity in drugs by possession under ORS 167.207[4] and criminal use of drugs under ORS 167.217.[5] The convictions arose from an incident in which an undercover officer witnessed a person inject a controlled substance into the defendant's arm. 31 Or App at 1185. The state contended that the defendant was guilty of both using the controlled substance and of possessing it because it was in his bloodstream. *Id.* at 1185-86. On appeal, the defendant challenged his conviction for criminal activity in drugs, arguing that he could not be guilty of possessing the drug when it was in his bloodstream. We agreed and reversed, holding that the facts did not constitute a crime under ORS 167.207. *Id.* at 1187. We advanced two separate reasons in support of that holding. First, in 1977

---

[4] ORS 167.207(1) provided that "[a] person commits the offense of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug."

[5] ORS 167.217(1) provided:

"A person commits the offense of criminal use of drugs if he knowingly uses or is under the influence of a narcotic or dangerous drug, except when administered or dispensed by or under the direction of a person authorized by law to prescribe and administer narcotic drugs and dangerous drugs to human beings."

both the possession of a controlled substance and the use of a controlled substance were criminal activities. A person who was convicted of criminal use of drugs under ORS 167.217 was subject to a maximum term of one year in prison, whereas a person convicted of criminal activity in drugs by possession under ORS 167.207 was subject to a maximum term of 10 years in prison. We held that it contravened legislative intent to conclude that a person could be guilty of criminal activity in drugs by possession by ingestion into the bloodstream. In so holding, we stated that, "Not only would there be no necessity for ORS 167.217, but the apparent legislative scheme of treating illegal use as a less serious offense than illegal possession would be thwarted." *Id.* at 1186.

■ Second, we examined the definition of "possess" found at ORS 161.015(9).[6] In doing so, we held that:

"ORS 161.015[(9)] defines 'possess' as meaning 'to have physical possession or *otherwise* to exercise dominion or control over property.' Under the statutory definition, the exercise of dominion or control over the property is necessary. Obviously, after a drug is ingested or injected into the human body, the host body can no longer exercise dominion or control over it." 31 Or App at 1186 (emphasis in original).

Here, the state argues that we misconstrued the meaning of "possess" in the second basis of the *Downes* holding.[7] Specifically, the state argues that the definition of "possess" is in the disjunctive with two alternative meanings. A person possesses property if he or she *either* has physical possession of it *or* otherwise exercises dominion or control over it. Therefore, the state argues, if a person has actual physical possession of property, it is immaterial whether he or she exercises dominion or control over it and *vice versa*. That being the case, the state argues that consumption of a controlled substance falls under the physical possession alternative. Because a person has physical possession of anything

---

[6] When *Downes* was decided, "possess" was defined at ORS 161.015(8). However, in 1995 the statute was renumbered thus moving the definition of "possess" to ORS 161.015(9). Or Laws 1995, ch 651, § 5. Because the statutory definition remained unchanged, we will refer to ORS 161.015(9) for ease of reference.

[7] We agree with the state that the first basis of the *Downes* holding has no continuing validity in light of the fact that a conflict no longer exists because in 1977 the legislature repealed both ORS 161.207 and ORS 167.217.

he or she has *inside* his or her body, a person possesses a controlled substance if it is either stored someplace in a retrievable form or floating free in the bloodstream. The state contends that in *Downes* we collapsed the definition of "possess" to require both physical possession and dominion or control and that that alleged conflation was erroneous. Defendant, on the other hand, argues that physical possession is not an alternative to dominion or control, but rather dominion or control is the "gravamen of statutory possession in all of its forms." For the reasons that follow we agree with defendant.

■    Construing a statute to discern the legislature's intent requires us first to examine the statute's text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We conclude the legislature's intent is discernable from a reading of the text and context and, therefore, need not proceed beyond the first level of analysis. *Id.*

■    ORS 161.015(9) defines "possess" as "hav[ing] physical possession or otherwise [exercising] dominion or control over property."[8] Based on a plain reading of the statute, there are two ways in which a person can "possess": (1) actual and (2) constructive. The first part of the statute states that a person possesses property if he or she has actual "physical possession" of it. The term "possession" is not further defined in either ORS chapter 161 or in ORS chapter 475. Therefore, we give that word of common usage its plain, natural, and ordinary meaning. *Id.* at 611. We first look at the dictionary definition of "possession." *Webster's Third New Int'l Dictionary*, 1770 (unabridged ed 1993), defines "possession" as:

> "**1 a :** the act or condition of having in or taking into one's *control* or holding at one's disposal * * * **b :** actual physical *control* or occupancy of property by one who holds for himself and not as a servant of another without regard to his ownership and who has legal rights to assert interests in the property against all others having no better right than

***

[8] "Possess" is not defined in ORS chapter 475. However, we have applied the definition of "possess" located in ORS chapter 161 to the PCS offense defined in ORS 475.992(4). *See State v. Anaya*, 111 Or App 204, 826 P2d 27 (1992); *State v. Martz*, 103 Or App 105, 795 P2d 616 (1990).

himself * * * **2** : something owned, occupied, or *controlled* : a thing possessed* * *[.]" (Emphasis added.)

Thus, "possession" connotes the exercise of dominion or control; under the statute, one has physical possession of property only if he or she has actual, physical *control* over that property.

That understanding comports with the entire statutory text. As defendants explain, "By using the terms 'physical possession' followed by the phrase 'or *otherwise* to exercise dominion or control,' the legislature intended that 'dominion or control' was also a necessary element of physical possession."

■ Actual possession is not the only method by which a person can "possess" property under the statutory definition. The statute goes on to say that one can be in constructive possession of property if he or she "otherwise exercise[s] dominion or control" over it. The same overarching legal principle applies to both methods in which a person can "possess" property—that is the ability to control property. Therefore, if a person is not in *actual* physical control of the property, he or she can still "possess" it if he or she otherwise exercises dominion or control similar to that of actual possession. *See, e.g., Anaya*, 111 Or App at 207 (a person may possess a drug by having dominion or control).

Because control is the gravamen of the statutory definition of "possess" and in *Downes* we held that consumption of a controlled substance does not constitute possession of a controlled substance because once it is in the bloodstream a person can no longer exercise dominion or control over it, *Downes* remains good law in that respect and controls the outcome of this case.

The trial court did not err in granting defendant's demurrer to Count I of the indictment.

Affirmed.