Argued and submitted August 17, 2018, resubmitted en banc January 15; appeal dismissed as moot July 1, 2020

In the Matter of H. K. D. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

H. K. D. S.,
*Appellant.*

Yamhill County Circuit Court
16JU03447; A163271

469 P3d 768

In this juvenile delinquency case, youth appeals a dispositional judgment, ordering, among other things, that youth pay $200 in fines. In the related case of *State v. H. K. D. S.*, 305 Or App 86, 469 P3d 770 (2020), youth appealed the judgment that found youth to be within the jurisdiction of the juvenile court. In the opinion issued today in the appeal of the jurisdictional judgment, the Court of Appeals reversed and remanded the judgment that found youth to be within the jurisdiction of the juvenile court. *Held*: Because the judgment that found youth to be within the jurisdiction of the juvenile court has been reversed, resolution of the parties' arguments in this appeal of the dispositional judgment would not have any practical effect on the rights of the parties to this controversy.

Appeal dismissed as moot.

En Banc

Ronald W. Stone, Judge.

Christa Obold Eshleman argued the cause and filed the brief for appellant.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Egan, Chief Judge, and Armstrong, Ortega, DeVore, Lagesen, Tookey, DeHoog, Shorr, James, Aoyagi, Powers, Mooney, and Kamins, Judges.

TOOKEY, J.

Appeal dismissed as moot.

**TOOKEY, J.**

In this juvenile delinquency case, youth was found to be within the jurisdiction of the juvenile court for acts that, if committed by an adult, would constitute two counts of sexual abuse in the first degree, ORS 163.427. In this appeal, which we took into full court along with youth's appeal of the jurisdictional judgment in the related case of *State v. H. K. D. S. (A163158)*, 305 Or App 86, 469 P3d 770 (2020), youth appeals a dispositional judgment, ordering, among other things, that youth pay $200 in fines. On appeal, youth contends that the trial court erred by imposing the $200 in fines "when there was no evidence that the 13-year-old youth had an ability to pay." The state, for its part, contends that youth did not preserve his argument that the state was required to present evidence of youth's ability to pay the fines for the juvenile court to impose them, and that the juvenile court imposing $200 in fines without such evidence was not plain error. Youth conceded during oral argument, however, that if we reversed the judgment that found youth to be within the jurisdiction of the juvenile court—a judgment youth has appealed separately—this appeal would become moot. In the opinion issued today in the appeal of the jurisdictional judgment, we reversed and remanded the judgment that found youth to be within the jurisdiction of the juvenile court, and we agree with youth that that reversal renders this appeal moot. Accordingly, we dismiss youth's appeal as moot.

"Examining mootness is 'one part of the broader question of whether a justiciable controversy exists.'" *De Young v. Brown*, 297 Or App 355, 360, 443 P3d 355 (2019), *rev allowed*, 366 Or 292 (2020) (quoting *Couey v. Atkins*, 357 Or 460, 470, 355 P3d 866 (2015)). "Generally speaking, a justiciable controversy exists under Oregon law when the interests of the parties to the action are adverse and the court's decision in the matter will have some practical effect on the rights of the parties to the controversy." *De Young*, 297 Or App at 361 (internal quotation marks omitted). "[A]n otherwise justiciable case 'becomes moot when a court's decision will no longer have a practical effect on the rights of the parties.'" *Id.* (quoting *State v. K. J. B.*, 362 Or 777, 785,

416 P3d 291 (2018)). "[C]hanged circumstances" may render an appeal moot. *State v. Nguyen*, 298 Or App 139, 140, 445 P3d 390 (2019) (internal quotation marks omitted). "As a prudential matter, we typically will not consider cases that are moot." *De Young*, 297 Or App at 360; *see also K. J. B.*, 362 Or at 785 (noting "[e]arlier cases have expressed the rule against deciding moot cases as a matter of constitutional imperative, while more recent cases treat it as a prudential consideration").

Turning to why the instant case is moot, in addition to this appeal, youth appealed from the judgment finding him to be within the jurisdiction of the juvenile court for acts that, if committed by an adult, would constitute two counts of sexual abuse in the first degree. *See H. K. D. S. (A163158)*, 305 Or App at 89. In that appeal, youth argued that the juvenile court erred in denying his motion to suppress certain inculpatory DNA evidence. *Id.* at 89-90. As noted above, in an opinion issued today, we reversed and remanded the judgment that found youth to be within the jurisdiction of the juvenile court.

As also noted above, youth conceded during oral argument that if we reversed the judgment that found youth to be within the jurisdiction of the juvenile court, this appeal would become moot. We agree and accept that concession. *See State v. Charboneau*, 323 Or 38, 61, 913 P2d 308 (1996) (reversal of the defendant's conviction for aggravated murder rendered assignments of error pertaining to the penalty phase of the defendant's trial moot); *see also State v. Anaya*, 111 Or App 204, 206, 826 P2d 27 (1992) (noting that, if there was "insufficient evidence to support the [guilty] verdicts," an argument that a sentence was unlawful "would become moot"). Because the judgment that found youth to be within the jurisdiction of the juvenile court has been reversed, resolution of the parties' arguments would not have any practical effect on the rights of the parties to this controversy. Accordingly, we dismiss this appeal as moot.

Appeal dismissed as moot.