Submitted August 29, 2018, petition for judicial review dismissed March 3, petition for review denied July 15, 2021 (368 Or 402)

# CHRISTOPHER ALLEN BOWERS,
*Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A162504

483 P3d 22

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (board) that found him to qualify as a predatory sex offender and imposed special conditions of probation. While this review was pending, petitioner's post-prison supervision terms expired. Petitioner argues that this case is not moot because a decision by the Court of Appeals could have the collateral effect of determining his liability for the cost of the special conditions of his supervision. *Held*: A case becomes moot when a court's decision will have no practical effect, either directly or collaterally, on the rights of the parties. Any claimed collateral consequence on such rights must be probable, not merely possible. Because in this case, nothing in the record showed that the board sought, or intended to seek, to recover those costs from petitioner, any collateral consequences are only speculative—put differently, possible—not probable. Thus, the case has become moot.

Petition for judicial review dismissed.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jacob Brown, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Landau, Senior Judge.

LANDAU, S. J.

Petition for judicial review dismissed.

**LANDAU, S. J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision that found him to be a predatory sex offender and imposed special conditions of probation. While review was pending, however, petitioner's post-prison supervision expired. We asked for supplemental briefing on the question whether the expiration of post-prison supervision rendered the review moot. We now conclude that the matter is indeed moot. The petition for judicial review therefore is dismissed.

The relevant facts are not in dispute. In 2010, petitioner was convicted of first-degree burglary, criminal impersonation, eluding police, and failure to register as a sex offender.[1] He was sentenced to a total of 75 months' incarceration with 24 months' post-prison supervision on the convictions for eluding police and failure to register and 36 months' post-prison supervision on the convictions for burglary and impersonation.[2]

In 2015, the board released petitioner from physical custody and imposed special conditions of post-prison supervision. Those conditions included a prohibition on having contact with a person under 18 years of age; submitting to random polygraph tests as part of a sex-offender surveillance program; successful completion of an approved sex-offender treatment program; and payment of any "supervision fees, fines, restitution or other fees ordered by the Board."

Petitioner sought administrative review of the board's decision, arguing that the board lacked sufficient evidence to support the imposition of the special conditions related to his status as a sex offender. The board denied relief, explaining that its imposition of the special conditions was based on multiple prior convictions for sex offenses involving a seven-year-old child.

---

[1] The convictions for burglary and criminal impersonation were entered in C101805CR and the convictions for eluding and failure to register were entered in C101834CR. Both judgments were entered in the Washington County Circuit Court.

[2] The post-prison supervision terms ran concurrently.

Petitioner then requested judicial review. Among other things, he argued that the prior sex offenses were too old to serve as an adequate justification for the special conditions of post-prison supervision that the board imposed. While review was pending, post-prison supervision on all of petitioner's convictions expired. As we have noted, we asked for supplemental briefing on the question whether the expiration of post-prison supervision renders the judicial review moot.

Petitioner responds that the proceeding is not moot, because a decision on the sufficiency of the evidence to support the special conditions of post-prison supervision will have a significant collateral consequence. Petitioner notes that one of those conditions requires him to pay for any "supervision fees, fines, restitution or other fees ordered by the Board." If we uphold the special conditions, he argues, the board could order him to pay those fees. "Thus," he concludes, "this court's decision could potentially have an effect on petitioner's economic liability."

The board replies that the special condition requires that petitioner only pay fees "ordered by the Board." It asserts that, because there is no evidence that it has ordered or intends to order him to pay those fees, the idea that a decision of our court would have an effect on petitioner's economic liability is pure speculation.[3] Our court, the board concludes, lacks authority to decide this case.

As a general rule, Oregon courts will not render decisions on cases that have become moot. It is often stated that the courts lack authority to decide such matters. *See, e.g.*, *State v. Hemenway*, 353 Or 498, 500, 302 P3d 413 (2013) ("Oregon courts have no authority to decide moot cases[.]"). After the Supreme Court's decision in *Couey v. Atkins*, 357 Or 460, 520-22, 355 P3d 866 (2015), that may not be precisely correct. In *Couey*, the court held that Oregon courts *do* have authority to decide moot cases, at least to the extent that the cases are "public action cases or cases involving matters of public interest," such as disputes that meet the

---

[3] In a footnote, the board states that, in fact, it has no intention of assessing any costs against petitioner.

statutory requirements of ORS 14.175.[4] *Id.* at 520. The court cautioned that even those principles may not constitute the outer limits of the courts' authority. *Id.*; *see also Penn v. Board of Parole*, 365 Or 607, 613 n 2, 451 P3d 589 (2019) (ORS 14.175 "does not necessarily represent the full scope of a court's constitutional authority to decide moot cases").

At all events, even after *Couey*, Oregon courts have continued to adhere to the general rule—whether as a matter of authority or of policy—that they will not decide moot cases. *See, e.g.*, *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018) (noting "[e]arlier cases have expressed the rule against deciding moot cases as a matter of constitutional imperative, while more recent cases treat it as a prudential consideration"); *State v. H. K. D. S. (A163271)*, 305 Or App 170, 173, 469 P3d 768 (2020) ("As a prudential matter, we typically will not consider cases that are moot.").

A case becomes moot when a court's decision "will no longer have a practical effect on the rights of the parties." *Brownstone Homes Condo. Assn. v. Brownstone Forest Hts.*, 358 Or 26, 30, 361 P3d 1 (2015) (internal quotation marks omitted). The necessary "practical effect" includes both direct effects and collateral consequences. *Smith v. Board of Parole*, 305 Or App 773, 776, 472 P3d 805 (2020). But any "collateral consequence must be probable, not merely possible". *State v. Lomack*, 307 Or App 596, 599, 477 P3d 1222 (2020).

The party asserting that a matter has become moot bears the burden of demonstrating that a court decision will no longer have the required practical effect. *K. J. B.*, 362 Or at 786. That includes establishing that any collateral effects that have been identified "either do not exist or are legally insufficient." *Id.*; *see also Lomack*, 307 Or App at 599 (same).

In this case, petitioner contends that a decision by this court could "potentially" have the collateral effect of

---

[4] ORS 14.175 provides that, "[i]n any action in which a party alleges that an act, policy or practice of a public body *** is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment" even if the case has become moot, so long as the party had standing when the action started, the challenged act, policy, or practice is capable of repetition and "is likely to evade judicial review in the future."

determining his liability for the cost of the challenged special conditions of post-prison supervision. The board replies that such a collateral consequence is speculative because of an absence of evidence that it is seeking, or will in the future seek, to recover those costs.

The board is correct. The issue is directly controlled by *Brumnett v. PSRB*, 315 Or 402, 848 P2d 1194 (1993). In that case, the petitioner was found guilty, but for a mental disease or defect, of various crimes and committed to the jurisdiction of the Psychiatric Security Review Board (PSRB). *Id.* at 404. He later sought release from PSRB jurisdiction on the ground that he no longer suffered from a mental disease or defect, but the board refused. *Id.* The petitioner sought judicial review, but while review was pending, PSRB decided to release him unconditionally. *Id.* It then moved to dismiss the review proceeding on the ground that it had become moot. *Id.* The petitioner opposed the motion, arguing that a judicial determination of the lawfulness of the order refusing to release him would have collateral financial consequences. *Id.* at 405. The petitioner noted that, under ORS 179.620, he was liable to the state for the costs of his care. *Id.* at 404. PSRB responded that there was no evidence that it had taken any steps to require the petitioner to pay for the costs of his care, so any financial liability was purely speculative. *Id.* at 406. The Supreme Court agreed with PSRB, concluding that the board had "carried its burden to establish that the case is moot." *Id.* at 407.

As the Supreme Court itself has noted, there is some question whether *Brumnett* was correctly decided, given that the court in that case had concluded that PSRB had carried its burden merely by noting an absence of evidence that it had taken any steps to require the petitioner to pay for the costs of his care. *K. J. B.*, 362 Or at 787; *cf. Dept. of Human Services v. T. M. D.*, 365 Or 143, 162, 442 P3d 1100 (2019) ("The department is not correct that the absence of evidence * * * is sufficient to meet the department's burden of proof."). The fact remains that *Brumnett* has not been overruled, and until it has been, it continues to bind us.

As in *Brumnett*, in this case there is no evidence that the board is currently seeking to recover any costs from

petitioner or that it intends to do so in the future. Any collateral consequences of a ruling on the merits, then, are only possible, not probable. The matter has become moot.

Petition for judicial review dismissed.