RENDERED: JULY 30, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0720-MR

CLINT COLLINS                                                   APPELLANT

                       APPEAL FROM LETCHER CIRCUIT COURT
v.                      HONORABLE JAMES W. CRAFT, II, JUDGE
                          ACTION NO. 19-CR-00393

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE: GOODWINE, JONES, AND KRAMER, JUDGES.

JONES, JUDGE: The Appellant, Clint Collins, was convicted by a Letcher County jury of first-degree promoting contraband and first-degree possession of a controlled substance. He was sentenced to the maximum sentence of eight years' imprisonment. Collins appeals to this Court as a matter of right.

On appeal, Collins asserts that his convictions violate the prohibition against double jeopardy requiring reversal of his conviction for first-degree

possession, the lesser conviction. He additionally argues that there was insufficient evidence to convict him of first-degree promotion of contraband where the sole, direct evidence to establish he possessed methamphetamine was a positive urine screen.

The Commonwealth concedes Collins is entitled to reversal of the first-degree possession conviction, and we agree with Collins that a positive drug screen is insufficient to prove beyond a reasonable doubt that Collins knowingly promoted/possessed dangerous contraband in the jail. Accordingly, having reviewed the record and being otherwise sufficiently advised, we reverse the Letcher Circuit Court's sentence on plea of not guilty (jury trial) as to both of Collins's convictions.

## I. BACKGROUND

Collins was placed in the Letcher County Jail (the "Jail") in mid-January 2019, and was still an inmate at the Jail in April of 2019 when the events giving rise to the convictions at issue took place.[1] Collins was housed in Cell 121

---

[1] In the opening paragraph of his statement of the case, Collins states that "all offenses were alleged to have occurred on November 19-20, 2018, in the Letcher County Jail." While it is true that the indictment cited November 2018 as the timeframe at issue, on or about March 6, 2020, the Commonwealth filed a motion to amend indictment stating:

> The date the offense occurred should be changed from 19th-20th day of November 2018 to **18th-20th of April 2019** in order to reflect the testimony of the Deputy Jailer presented to the Letcher County Grand Jury on July 10, 2019, a copy of which was provided to Defense counsel months ago. Further the Defense

along with ten or eleven other inmates. On or about April 18-19, 2019, one of Collins's cellmates was taken to the hospital where he subsequently tested positive for methamphetamine use. This particular inmate had been in the Jail for several months, and once Jail officials learned of the positive test result from the hospital they became concerned that methamphetamine was present in the Jail.

As a result, Jailer Bert Slone made the decision to have all the inmates in Cell 121 transported to the hospital for x-rays to determine whether they were hiding any drugs or contraband in any of their orifices. The inmates were strip-searched before leaving the Jail, and Jailer Bert Slone searched Cell 121 after the inmates were taken out of it. No drugs or contraband were found inside Cell 121 or on the inmates prior to transport. Letcher County Deputy Jailer Jason Eckles was asked to assist with transporting the inmates to the hospital. Before doing so, he searched the vehicles that were designated to transport the inmates to confirm

---

cannot assert that this change is in any way prejudicial as it merely reflects the evidence presented to the Grand Jury, and all the evidence contained in the previously provided discovery materials.

Record ("R.") at 29. While there is no indication that the trial court ruled on the Commonwealth's motion, Collins did not object; and the evidence, argument, and jury instructions all referred to the dates at issue as occurring in April 2019. *See Howe v. Commonwealth*, 462 S.W.2d 935, 938 (Ky. 1971) (citing Kentucky Rules of Criminal Procedure ("RCr") 9.24) ("Dates were not in issue and the testimony referred to the correct date of the crime. We are of the opinion that the error in the date did not affect the substantial rights of the accused and that he was not prejudiced by this inadvertent mistake.").

that they did not contain any drugs or contraband. He did not locate anything during his search.

After Deputy Eckles finished searching the vehicles, the inmates were loaded into separate vehicles and taken to the hospital. Collins rode to the hospital in a vehicle with two other inmates, Donald Shepherd and Johnathan Riley. Shepherd and Riley were two of the Jail's newest inmates, having just entered the Jail a few days prior. No testimony was offered to show where Collins was seated in the vehicle in relation to the other two inmates. Likewise, there was no testimony concerning the inmates' movements or actions during transport.

Once at the hospital, Deputy Eckles escorted his charges into a waiting room area with the other inmates. Deputy Jailer Brian Perry stayed with the inmates inside the hospital, and Deputy Eckles went back outside to search the vehicles. While searching the vehicle used to transport Collins, Shepherd, and Riley, Deputy Eckles discovered a small glass nitroglycerine bottle/vial with an opened lid under the back-right-seat area. The vial contained what Deputy Eckles believed to be methamphetamine residue, and scattered under the seat from the center to the right Deputy Eckles observed what he believed to be small fragments of methamphetamine. Deputy Eckles photographed his findings and placed the vial and pieces of suspected methamphetamine in an evidence bag. The inmates were transported back to the Jail in a different vehicle.

Thereafter, Jail officials sought and obtained search warrants to collect urine samples from the inmates in Cell 121. In total, ten urine samples were collected from the inmates. Eight urine samples, including a sample from Collins, were collected on Monday, April 22, 2019, and two samples were collected on Friday, April 26, 2019. All of the inmates in Cell 121, including Collins, tested positive for methamphetamine. Kentucky State Police Crime Lab Technician Jason Berry testified that methamphetamine is usually detected in urine for two to three days after consumption. However, a positive result might be possible after an additional couple of days if the person is a chronic user and/or consumed a large amount. No testimony was offered regarding the substances removed from the vehicle or contained within the vial.

Jailer Slone charged each inmate with a positive test result with possession and promoting contraband. On July 11, 2019, the Letcher County Grand Jury indicted Collins on four charges: (1) illegal possession of a controlled substance (methamphetamine) in the first degree in violation of KRS[2] 218A.1415; (2) criminal use or possession of drug paraphernalia, a plastic baggie[3] containing a quantity of crystal-like methamphetamine, in violation of KRS 218A.500(2); (3)

---

[2] Kentucky Revised Statutes.

[3] There was never any evidence presented concerning "a plastic baggie" being found. We presume the indictment meant to refer to the glass vial Deputy Eckles found in the transport vehicle.

promoting contraband in the first degree by introducing or possessing methamphetamine and drug paraphernalia into the Jail in violation of KRS 520.050; and (4) of being a persistent felony offender in the second degree in violation of KRS 532.080(2).

Collins was arraigned on or about July 17, 2019, and the trial court appointed counsel to represent him. With the assistance of counsel, Collins entered a plea of not guilty to all the charges. Prior to trial, the Commonwealth dismissed the persistent felony offender count. A one-day jury trial was held on March 9, 2020. The Commonwealth called four witnesses: Deputy Eckles, Deputy Perry, Jailer Slone, and Lab Technician Berry. Collins did not testify or call any of his own witnesses; he presented his defense through cross-examination of the Commonwealth's witnesses. At the close of the Commonwealth's case, Collins moved for a directed verdict on all remaining counts arguing that there was no evidence to show if the methamphetamine was consumed before April 18, 2019, or April 20, 2019. The court denied the motion.

The jury found Collins guilty of first-degree promoting contraband and first-degree possession of a controlled substance and not guilty of possession of drug paraphernalia. Thereafter, the penalty phase commenced. The jury recommended Collins serve a three-year-consecutive sentence for first-degree possession of a controlled substance and a five-year-consecutive sentence for the

offense of first-degree promoting contraband for a total of eight years. The trial court sentenced Collins consistent with the jury's recommendations, and a final judgment was entered on May 11, 2020. This appeal followed.

## II. ANALYSIS

On appeal, Collins argues: (1) his convictions for both first-degree possession and first-degree promoting contraband violate the prohibition against double jeopardy; and (2) there was insufficient evidence that Collins committed the offenses of first-degree possession of a controlled substance and first-degree promoting of contraband.

In its appellate brief, the Commonwealth "concedes that Collins is correct" that his convictions for first-degree promoting contraband and first-degree possession of a controlled substance violate double jeopardy because both crimes did not require proof of an additional fact that the other did not. *Stewart v. Commonwealth*, 306 S.W.3d 502, 505 (Ky. 2010) ("Possession of a controlled substance does not require proof of an additional fact that promoting contraband does."). The Commonwealth further acknowledges that "[t]he remedy for this type of statutory double jeopardy violation is to vacate the lesser conviction, and only allow sentencing on the greater conviction." *Taylor v. Commonwealth*, 611 S.W.3d 730, 739-40 (Ky. 2020). Based on the Commonwealth's concession,

Collins's conviction for possession and the corresponding three-year sentence must be reversed.

This leaves only Collins's conviction for first-degree promoting contraband. Before us, Collins argues that there was insufficient evidence to convict him of first-degree promoting contraband where the Commonwealth showed only that his urine screen tested positive for methamphetamine. While Collins moved the trial court to enter a directed verdict on this charge, his argument focused on the fact that the ingestion of methamphetamine could have been before April 18, 2019, or after April 20, 2019; he did not argue that the Commonwealth could not prove possession based on the urine test. Therefore, we must review this claim for palpable error.

To prevail, Collins must show that this error resulted in "manifest injustice." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). "[T]he required showing is probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Id.* "The Commonwealth's failure to prove an essential element of a crime is necessarily palpable because the Due Process Clause protects a criminal defendant against conviction except upon proof beyond a reasonable doubt of each fact necessary to prove all the elements of a crime." *Lisle v. Commonwealth*, 290 S.W.3d 675, 680 (Ky. App. 2009).

Thus, we will review Collins's claim for the purpose of determining whether the Commonwealth presented sufficient proof of each fact necessary to sustain a conviction for first-degree promoting contraband. KRS 520.050 provides:

> (1) A person is guilty of promoting contraband in the first degree when:
>
>> (a) He knowingly introduces dangerous contraband into a detention facility or a penitentiary; or
>>
>> (b) Being a person confined in a detention facility or a penitentiary, he knowingly makes, obtains, or possesses dangerous contraband.
>
> (2) Promoting contraband in the first degree is a Class D felony.

Our Supreme Court has held that "[p]romoting contraband in the first degree requires *possession* of dangerous contraband[.]" *Tyler v. Commonwealth*, 805 S.W.2d 126, 127 (Ky. 1991). Therefore, we must determine whether the presence of methamphetamine in Collins's urine is sufficient proof that he knowingly possessed methamphetamine while in the Jail.

In *Nethercutt v. Commonwealth*, 241 Ky. 47, 47, 43 S.W.2d 330, 330 (1931), a prohibition era case, the Court held that the presence of "liquor in one's stomach does not constitute possession within the meaning of the law[.]" The Court then determined that the appellant's motion for a directed verdict on the

charge of the unlawful possession of intoxicating liquor should have been sustained where the evidence consisted solely of an empty bottle of rubbing alcohol and the appellant's statement that he was drunk on some moonshine liquor which he had found. The Commonwealth portrays *Nethercutt* as an aberration of the law which defies common sense.

While *Nethercutt* is not a recent case, its logic continues to be followed by a majority of jurisdictions.

> [W]here a narcotic or dangerous drug is ingested and assimilated into the taker's bodily system, most authority provides that the substance is no longer within the taker's control, and by itself does not constitute possession in the legal sense of the term. Evidence of being under the influence of a contraband substance, or other evidence of having introduced it into one's body, ***is thus not by itself proof of present or past possession***.

28A C.J.S. *Drugs and Narcotics* § 280 (2021) (citations omitted) (emphasis added).[4]

---

[4] In various other contexts, our sister courts across the country have reached similar conclusions. *See State v. Thronsen*, 809 P.2d 941, 943 (Alaska App. 1991) ("[A] person who has cocaine in his or her body has no control over the cocaine and therefore does not have possession."); *State v. Daline*, 30 P.3d 426, 430 (Or. Ct. App. 2001) ("[C]onsumption of a controlled substance does not constitute possession of a controlled substance because once it is in the bloodstream a person can no longer exercise dominion or control over it[.]"); *State v. Hornaday*, 713 P.2d 71, 76 (Wash. 1986), *superseded by statute on other grounds by State v. Ortega*, 297 P.3d 57 (Wash. 2013) ("The term 'possession' of liquor should not be construed to include liquor which has been assimilated by the body."); *State v. Letourneau*, 106 P.3d 505, 510 (Kan. Ct. App. 2005) ("The possibility of such confusion is particularly harmful to Letourneau given the fact that the evidence of having ingested methamphetamine does not and cannot, by itself, establish possession or control of the substance."); *State v. Lewis*, 394 N.W.2d 212, 217 (Minn. Ct. App. 1986) (citation omitted) ("We find that evidence of a controlled substance in a person's urine specimen does not establish possession . . . nor is it sufficient circumstantial evidence to prove

*Nethercutt* has never been overruled, and its logic is sound. The fact that Collins had methamphetamine in his urine is insufficient circumstantial evidence to prove prior possession beyond a reasonable doubt absent probative corroborating evidence of actual physical possession. As the Supreme Court of North Carolina explained:

> Without more, the presence of marijuana metabolites found in defendant's urine sample only raises a suspicion or conjecture that defendant had the power and intent to control the substance's disposition. From this test result, the jury can know that the metabolites were present, but is left to speculate as to how the substance resulting in those metabolites entered defendant's system. Accordingly, this evidence does not rise to the level of "tending to prove the fact in issue" or "reasonably conduc[ing] to [that] conclusion as a fairly logical and legitimate deduction."

*State v. Harris*, 646 S.E.2d 526, 528 (N.C. 2007) (citations omitted).

The Commonwealth argues that the glass vial and suspected methamphetamine fragments located in the back of the vehicle supplies all the corroborating evidence it needs. However, as noted above, there was no testimony where Collins was seated in the vehicle and no testimony concerning any movements either Collins or his two cellmates made during the drive to the

---

prior possession beyond a reasonable doubt absent probative corroborating evidence of actual physical possession."); *People v. Spann*, 187 Cal. App. 3d 400, 406, 232 Cal. Rptr. 31, 34 (Cal. Ct. App. 1986) ("[T]he Legislature did not intend mere use to constitute possession. Nor . . . may that result be achieved indirectly by transmuting the one into the other by circumstantial reasoning.").

hospital. Given that all Collins's cellmates also tested positive for methamphetamines, it is just as likely the glass vial was hidden by one of the other two passengers. "A defendant's exclusive control over the premises is sufficient to raise an inference of possession and knowledge. However, joint control of the premises requires further evidence to prove the defendant knew the substance was present and had it under his control." *Hayes v. Commonwealth*, 175 S.W.3d 574, 594 (Ky. 2005) (citations omitted). "[P]hysical proximity to an area where drugs are found is insufficient on its own to support a finding that an accused had constructively possessed those drugs." *Haney v. Commonwealth*, 500 S.W.3d 833, 835 (Ky. App. 2016). Additionally, the Commonwealth did not introduce any evidence to establish that the substance in the vial was actually methamphetamine.

Based on the prevailing case law and the evidence as presented in this case, we must reverse the promoting contraband count. We note, however, that this was a criminal trial where Collins was entitled to the full due process rights provided by the Constitution, including the right to require the Commonwealth to produce evidence of his guilt beyond a reasonable doubt. Nothing in this Opinion should be read as inferring that Collins would not be guilty of an infraction in a prison disciplinary proceeding where the standard is "some evidence."

## III. CONCLUSION

For the reasons set forth above, we reverse the Letcher Circuit Court's sentence on plea of not guilty (jury trial) on both Collins's conviction for first-degree possession and for first-degree promoting contraband.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Emily Holt Rhorer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky