NELSON, J.
**799 This case concerns whether the trial court properly dismissed as moot plaintiff's habeas corpus claim alleging serious indifference to his medical needs. The court dismissed the case because plaintiff had been transferred to a different prison. The Court of Appeals affirmed. Garges v. Premo , 284 Or. App. 313, 390 P.3d 1124 (2017). It was uncontested that plaintiff's grievances regarding his medical care were unaffected by the transfer, and that the decision to deny plaintiff the procedures he sought was controlled by a centralized Department of Corrections committee, rather than by the superintendent of a particular prison. We allowed review, and now hold that transfers of inmates in circumstances such as these do not render moot an inmate's claim of constitutionally deficient medical care. The trial court's primary concern was that the currently named defendant no longer has custody of plaintiff; that fact, however, does not render the case moot. Accordingly, we remand the case to the trial court for further proceedings.
In September 2015, while incarcerated at Oregon State Penitentiary (OSP), plaintiff filed a petition for a writ of habeas corpus in Marion County, naming as defendant OSP superintendent Jeff Premo. Plaintiff alleged that he was being denied necessary medical treatment for an anterior cruciate ligament (ACL) tear to one of his knees. He asserted that defendant's conduct amounted to cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution and Article I, section 16, of the Oregon Constitution. Plaintiff alleged that he had severe pain and mobility problems, and that the Oregon Department of Corrections (DOC) had denied him both an MRI and surgery. The trial court issued the writ, requiring defendant to file a return. In his return, filed in November 2015, defendant asserted that the conditions of plaintiff's confinement were constitutional.
By the time plaintiff filed his replication in December 2015, DOC had transferred him to Snake River Correctional Institution (SRCI) in Malheur County. In his replication, plaintiff asserted that the alleged deficit in medical care had continued after his transfer, and he reiterated the ongoing problems with his knee. Plaintiff submitted various exhibits, including a letter from his physician who had recommended knee surgery, medical progress notes from DOC documenting his pain and incapacitation, and communications with DOC personnel. Plaintiff also submitted a note from DOC physician Dr. Becker, which recommended an MRI of both knees. Further documentation revealed that Becker's recommendation went to DOC's Therapeutic Level of Care committee (TLC) for review, and that the TLC had denied the MRI for unknown reasons.
After plaintiff filed his replication, defendant moved to dismiss on the ground that plaintiff's claim was moot because of his transfer to SRCI. Defendant argued that the proper defendant in a habeas corpus proceeding is the person having physical custody of the prisoner, and that defendant Premo, *348 the OSP superintendent, no longer had physical custody of plaintiff. Defendant did not challenge the factual assertions in plaintiff's replication, but argued that an Oregon Court of Appeals case, Keenan v. Hall , 202 Or. App. 571, 123 P.3d 812 (2005), rev. den. , 342 Or. 253, 149 P.3d 1212 (2006), established that a claim for deliberate indifference to medical needs is mooted by the transfer of a plaintiff to a different correctional facility.
In response, plaintiff argued that his transfer to SRCI did not render his claim moot. He submitted a declaration in which he asserted that DOC had transferred him five times since September 2014,[1] and that his medical care at each new institution was based on information contained in records transferred from the institutions where he previously had been incarcerated. At the hearing on defendant's motion to dismiss, defendant admitted that plaintiff's medical care is controlled by "DOC, generally" rather than by a particular superintendent. Nevertheless, the trial court granted defendant's motion, agreeing with defendant that plaintiff's claim was moot because defendant Premo no longer had physical custody of plaintiff or authority over his medical care. The Court of Appeals affirmed the trial court's dismissal in a per curiam opinion, citing Keenan . Garges , 284 Or. App. 313, 390 P.3d 1124.
The writ of habeas corpus may be used to challenge either the authority for a person's confinement or the conditions of that confinement. ORS 34.360 ; ORS 34.362. A claim of indifference to medical needs is a type of conditions-of-confinement claim. See Billings v. Gates , 323 Or. 167, 173, 916 P.2d 291 (1996) (analyzing the standard of medical care that Oregon prison officials owe inmates under Article I, section 16, which, among other things, prohibits "[c]ruel and unusual punishment"). When an inmate alleges deprivations of legal rights that are of the type that "would require immediate judicial scrutiny," and "it also appears to the court that no other timely remedy is available," that inmate can petition for a writ of habeas corpus to remedy the alleged deprivations. Penrod/Brown v. Cupp , 283 Or. 21, 28, 581 P.2d 934 (1978).
A defendant may move to dismiss a writ of habeas corpus after the writ has issued, "on the grounds that the pleadings, including the petition, the return, the replication * * * and any supporting evidence, demonstrate that plaintiff has failed to state or establish a claim for habeas corpus relief." ORS 34.680. Under ORS 34.320, if a habeas plaintiff has been transferred to an institution in another jurisdiction, the court "shall transfer" the case to the jurisdiction in which the other institution is located, unless the court "determines that by reason of the plaintiff's transfer the claims * * * do not require immediate judicial scrutiny, or are otherwise subject to dismissal." In this case, the habeas court granted defendant's motion to dismiss the writ on the grounds that plaintiff's claim became moot after he was transferred to SRCI. We review the trial court's mootness determination for legal error.
A case becomes moot when a decision on the merits "would resolve merely an abstract question without practical effect." Warren v. Lane County , 297 Or. 290, 293, 686 P.2d 316 (1984). Mootness results when a change in circumstance or some intervening event has eliminated the possibility that the requested relief can be provided. See, e.g. , State v. Hemenway , 353 Or. 498, 503, 302 P.3d 413 (2013) (case moot where the defendant passed away while case was under advisement); Mid-County Future Alt. v. Metro. Area LGBC, 304 Or. 89, 742 P.2d 47 (1987) (case moot where legislature adopted a law that controlled the issue presented).
Whether a case has become moot will depend on a factual determination regarding the potential impact of the court's decision on the parties. In Dept. of Human Services v. A.B. , 362 Or. 412, 412 P.3d 1169 (2018), this court recently considered whether the juvenile court's dismissal of the Department of Human Services' wardship over a child "necessarily" renders moot a parent's appeal of the juvenile court's judgment of jurisdiction, and concluded that it did not.
*349 Id . at 414, 412 P.3d 1169. We explained that whether an appeal in that posture is moot will depend on the "particular circumstances presented": If a parent can identify "practical effects or collateral consequences that * * * will result from the judgment," then the burden is on the Department of Human Services "to persuade the appellate court that those consequences are factually incorrect or legally insufficient." Id . at 414, 412 P.3d 1169. The court then "determine[s] the existence and significance of those effects or consequences and * * * decide[s] * * * whether an appeal is moot." Id . at 426-27, 412 P.3d 1169.
The analysis outlined in A.B. applies equally here. Plaintiff argued that his habeas claim was not moot because he continues to suffer from constitutionally deficient medical care, and he provided evidence in the form of letters and medical records in support of his allegations. Defendant did not address plaintiff's factual assertions, and in fact conceded that plaintiff's medical care was controlled by "DOC, generally" rather than by the superintendent of a particular prison. Defendant had the burden of demonstrating that the "effects or consequences" that plaintiff identified "are either legally insufficient or factually incorrect." A.B. , 362 Or. at 426, 412 P.3d 1169. The habeas court did not hold defendant to that burden of persuasion; rather, it held that plaintiff's case was moot solely because he had been transferred to a new prison and defendant, the superintendent of OSP, did not have custody of plaintiff or control over his medical care. In his briefing to this court, defendant fully acknowledges that the substance of plaintiff's claim did not necessarily become moot upon transfer, because "[p]laintiff's claim relates to the denial of his requests for an MRI and for surgery[,]" and "[t]he evidence supports the conclusion that the Therapeutic Level of Care Committee denied [plaintiff's] request for an MRI[.]"
Consistent with the mootness analysis described above, the plain text of ORS 34.320 indicates legislative intent that the transfer of a habeas plaintiff from one prison to another will not necessarily moot the plaintiff's claim for relief. ORS 34.320 states, in relevant part:
"If a [habeas] plaintiff has filed a petition in a court with jurisdiction over the proceedings, and the plaintiff is thereafter transferred to a place that is outside of the jurisdiction of that court, the court shall transfer the proceedings to the circuit court for the judicial district in which the party is imprisoned or restrained. If the court in which the petition was filed determines that by reason of the plaintiff's transfer the claims of the plaintiff do not require immediate judicial scrutiny, or are otherwise subject to dismissal, the court shall dismiss the petition."
ORS 34.320. The text of ORS 34.320 states that the court "shall" transfer a habeas proceeding when the plaintiff is moved to a new jurisdiction, unless the court determines that the plaintiff's claims are subject to dismissal "by reason of the plaintiff's transfer." In other words, pursuant to ORS 34.320, the habeas court makes a case-specific determination as to whether a plaintiff's transfer to a different facility has rendered that plaintiff's case subject to dismissal. ORS 34.320 does not make transfer contingent on a plaintiff filing a new petition or amending his or her pleadings to reflect a change in custody; rather, it states that the court "shall transfer the proceedings", suggesting transfer of a proceeding that preexisted the plaintiff's move to the new jurisdiction.
The legislative history of ORS 34.320 confirms that understanding. In 1999, the legislature amended ORS 34.320 to add the sentences regarding transfer of jurisdiction. Or. Laws 1999, ch. 114, § 1. The Oregon Department of Justice requested those amendments to address the common-place occurrence that inmates would file petitions for habeas corpus and subsequently be transferred to facilities in other districts. Testimony, Senate Judiciary Committee, S.B. 395, Feb. 8, 1999, Ex. C (statement of Assistant Attorney General Thomas Castle). Judicial practice at that time was "not consistent," in that some courts ordered transfer of such cases, while others routinely dismissed. Id . The amendments would allow a habeas case to "follow" the plaintiff, unless the court determined that the transfer had altered the plaintiff's circumstances such that his or her claim had become moot. Tape Recording, Senate Floor, *350 Feb. 24, 1999, Tape 66, Side A (statement of Sen. Neil Bryant) (bill would allow the writ to follow an inmate to the county where he had been moved); Tape Recording, Senate Judiciary Committee, S.B. 395, Feb. 8, 1999, Tape 29, Side A (statement of Judge Ochoa) (dismissal is appropriate when transfer removes the harm at issue); Testimony, Senate Judiciary Committee, S.B. 395, Feb. 8, 1999, Ex. C (statement of Assistant Attorney General Thomas Castle) ("claims [that] are dependent on the particular institution where the inmate is housed * * * should not survive transfer").
Defendant may be correct that he is not a proper party to this action, and that the habeas pleadings will need to be amended to reflect that fact. As noted, ORS 34.360(1) provides that a habeas corpus petition must state the "officer or person by whom the party is imprisoned or restrained." In Barrett v. Peters , 360 Or. 445, 383 P.3d 813 (2016), we clarified that an individual so specified "is the appropriate defendant in a habeas proceeding, whether he or she has physical, or only constructive, custody of the petitioner." Id . at 457, 383 P.3d 813.
The habeas statutes contemplate, however, that information regarding the identity of the "appropriate defendant" may be unknown and subject to change. For example, ORS 34.360(1) provides that a habeas corpus petition is required to allege "the place where, and officer or person by whom the party is imprisoned or restrained, naming both parties if their names are known, or describing them if not known ." ORS 34.360(1) (emphasis added). ORS 34.430 states that a writ of habeas corpus is sufficient "[i]f the officer or person having the custody of the person imprisoned or restrained is designated either by name of office, if the officer or person has any, or by the own name of the officer or person, or if both such names are unknown or uncertain,the officer or person may be described by an assumed appellation ." (Emphasis added.)
We also note that ORS 34.640 provides that, after the habeas court has issued a writ, the court itself assumes control of the custody of a plaintiff and may order that custody be transferred: "Until judgment is given upon the return, the party may either be committed to the custody of the sheriff of the county, or placed in such care or custody as age and other circumstances may require ." (Emphasis added.) See Anderson v. Britton , 212 Or. 1, 6, 318 P.2d 291 (1957), cert. den. , 356 U.S. 962, 78 S.Ct. 999, 2 L.Ed. 2d 1068 (1958) (plaintiff "was in the custody of the court until the proceedings on the writ were finally determined"). Thus, over the course of a habeas corpus proceeding, the identification of the proper defendant may be in question, and the habeas court itself may dictate a change in the plaintiff's custody status. The habeas court has considerable latitude to bring the necessary parties before the court.[2] See Anderson , 212 Or. at 6, 318 P.2d 291 (noting that if the habeas plaintiff were entitled to relief, the warden of OSP could be made a party to the proceeding at a later point); ORCP 29 A ("A person who is subject to service of process shall be joined as a party in the action if (1) in that person's absence complete relief cannot be accorded * * *."); ORCP 30 (party may be "added by order of the court on motion of any party or of its own initiative at any stage of the action").
By transferring a habeas plaintiff to a different correctional institution, the Department of Corrections may alter the conditions of confinement such that a plaintiff's claim that those conditions are unconstitutional becomes moot; when that occurs, the case is subject to dismissal under ORS 34.320 and ORS 34.680(1). Our holding is that such a transfer does not necessitate a finding of mootness. Rather, mootness is a case-by-case determination that the court must make, *351 based on facts regarding the requested relief. In this case, the facts dispositive to the mootness analysis are uncontested. Plaintiff alleged that he continued to suffer from constitutionally deficient medical care, which is controlled by a centralized DOC committee rather than by the superintendent of any specific penitentiary. Defendant did not prove that transfer of plaintiff to SRCI rendered it "impossible for the court to grant effectual relief." Hamel v. Johnson , 330 Or. 180, 184, 998 P.2d 661 (2000) (internal quotation marks omitted). Instead, he acknowledged that decisions regarding plaintiff's medical care were made by "DOC, generally," and otherwise failed to respond to plaintiff's factual assertions. On review in this court, defendant further conceded that the substance of plaintiff's claim did not necessarily become moot upon transfer, because "[p]laintiff's claim relates to the denial of his requests for an MRI and for surgery[,]" and "[t]he evidence supports the conclusion that the Therapeutic Level of Care Committee denied [plaintiff's] request for an MRI[.]" On that record, the habeas court erred as a matter of law in dismissing plaintiff's habeas claim on mootness grounds.
The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

The parties at oral argument acknowledged that plaintiff has been transferred yet again and is now at the Two Rivers Correctional Institution in Umatilla County.

Defendant has been equivocal about whether he believes the director of DOC could or should have been named as a defendant. He suggested in his brief to this court that the director might be the proper defendant, but at oral argument, he took the position that the superintendent at the facility where plaintiff is currently incarcerated is the only proper defendant, and that DOC might oppose joinder of the DOC director. Given our conclusion regarding the habeas court's ability to bring the necessary parties before the court, we do not address defendant's argument in that regard.