Submitted June 29, appeal dismissed as moot November 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDRE J. LOMACK,
aka Andre Kelly Lomack,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR30449, 17CR71934;
A170551 (Control), A169998

477 P3d 1222

Defendant appeals a judgment adding a new probation condition to his probationary sentence for felon in possession of a firearm. The challenged condition prohibited him from having any contact with his girlfriend. During the pendency of this appeal, defendant was found to have violated that condition, and, as a result, his probation was revoked. Defendant did not appeal the probation-revocation judgment. The state contends that the present appeal is moot, while defendant contends that it is not moot due to collateral consequences. *Held*: The appeal is moot. Because defendant did not appeal the probation-revocation judgment, prevailing in the present appeal would not avoid the direct consequences of the challenged judgment. Further, the three collateral consequences that defendant identifies are too speculative to make the appeal not moot.

Appeal dismissed as moot.

Shelley D. Russell, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the briefs for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Appeal dismissed as moot.

## AOYAGI, J.

Defendant appeals a judgment adding a new probation condition to his probationary sentence for felon in possession of a firearm (FIP). The contested condition prohibits him from any contact with his girlfriend, L. The same condition was imposed in a separate criminal case in which defendant was convicted of assaulting L, but, after defendant's probation was revoked in the assault case, the trial court added the no-contact condition to defendant's probation in the FIP case. Defendant contends that the trial court erred in doing so, because the FIP conviction has nothing to do with L.

During the pendency of this appeal, defendant was found to have violated the challenged condition by contacting L, and, as a result, his probation was revoked in the FIP case. Defendant did not appeal the probation-revocation judgment. For the following reasons, we conclude that this appeal is moot and, accordingly, dismiss it.

### FACTS

This is a consolidated criminal appeal, involving two cases.

In Case No. 16CR30449, defendant was indicted for felon in possession of a firearm, based on his having a firearm in his possession or control on May 22, 2016. The firearm was found in defendant's vehicle during a traffic stop. Defendant pleaded guilty in June 2016 and was convicted and sentenced to three years of probation. His original probation conditions are not at issue.

Over a year later, in Case No. 17CR71934, defendant was convicted of misdemeanor fourth-degree assault constituting domestic violence, based on his assaulting L on October 28, 2017. He was sentenced to two years of probation. One of his probation conditions was that he have no contact with L.

On January 9, 2019, defendant was found in violation of his probation in both cases—for failure to report in Case No. 16CR30449, and for failure to report and violation of the no-contact condition in Case No. 17CR71934. Defendant

was sanctioned but kept on probation with extended terms. The court emphasized that defendant was prohibited from contacting L, and defendant assured the court that it would not be an issue again.

Defendant resumed contacting L within minutes after the January 9 hearing. As a result, later the same month, the trial court entered two judgments. The first revoked defendant's probation in the assault case and sent him to jail on the assault conviction. The second added a condition to defendant's probation in the FIP case that prohibited him from contacting L. Regarding the latter, defendant objected to the condition as improper, arguing that the FIP conviction had nothing to do with L, but the court said that it could "see them being linked" in that it would be dangerous to L for defendant to possess a weapon. Defendant appealed both judgments, which is the present appeal. He raises a single assignment of error, challenging the imposition of the no-contact probation condition in the FIP case.

On November 13, 2019, during the pendency of this appeal, defendant's probation was revoked in the FIP case, based on his contacting L and thus violating the no-contact condition. Defendant stipulated to the violation and did not appeal the probation-revocation judgment. Upon learning of that intervening event, we requested supplemental briefing on the issue of mootness, which both parties provided. The state contends that the appeal is now moot, while defendant contends that it is not moot due to collateral consequences.

## ANALYSIS

A case becomes moot "when a court's decision will no longer have a practical effect on the rights of the parties." *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018); *see also Garges v. Premo*, 362 Or 797, 801, 421 P3d 345 (2018) ("Mootness results when a change in circumstance or some intervening event has eliminated the possibility that the requested relief can be provided."). Here, because the trial court has revoked defendant's probation on his FIP conviction, and because defendant did not appeal the revocation judgment, defendant's challenge to a condition of his FIP

probation appears on its face to be moot. That is, even if we were to agree with defendant that the no-contact condition should not have been imposed in the FIP case, defendant is no longer on probation, so the probation condition no longer applies. Moreover, because defendant did not appeal the revocation judgment, he cannot obtain any relief from the *direct* consequence of the imposition of that probation condition: the revocation of his probation for violating it.[1]

But direct consequences of a judgment are not the only consequences relevant to mootness. *Collateral* consequences are also relevant. "Even if the main issue in controversy has been resolved, collateral consequences may prevent the controversy from being moot under some circumstances." *Barnes v. Thompson*, 159 Or App 383, 386, 977 P2d 431, *rev den*, 329 Or 447 (1999); *see also K. J. B.*, 362 Or at 785 (practical effects of a court's decision include both direct and collateral consequences). To avoid mootness, a collateral consequence must be probable, not merely possible—"a speculative consequence does not prevent a case from being moot." *State v. Hauskins*, 251 Or App 34, 36, 281 P3d 669 (2012).

When the issue of mootness arises on appeal, generally, the appellant must identify any practical consequences that he or she believes that our decision would have, and then the respondent may seek to establish that the identified collateral consequences "either do not exist or are legally insufficient." *K. J. B.*, 362 Or at 786. It is then for us to "determine the existence and significance of [the identified] effects or consequences and to decide, as a prudential matter, whether [the] appeal is moot." *Dept. of Human Services v. A. B.*, 362 Or 412, 426, 412 P3d 1169 (2018).

In this case, defendant has identified three practical consequences that he believes a decision on the merits in this appeal would have. We address each in turn, explaining why, ultimately, we agree with the state that the appeal is moot.

---

[1] Neither party has identified, nor are we are aware of, any authority by which reversal of a judgment imposing a probation condition would result in reversal of a subsequent judgment revoking probation for violation of that condition, absent *both* judgments having been appealed.

Defendant first contends that, if he prevails in this appeal and thus establishes that the trial court should not have required him to have no contact with L as a condition of his FIP probation, then, even though that would not result in direct relief from the FIP probation-revocation judgment, defendant "could possibly obtain relief from the [revocation] judgment through a post-conviction claim for inadequate assistance of counsel," which could lead to his release from prison and return to probation. The difficulty with that argument lies in the standard for post-conviction relief. Whether counsel's performance fell below the constitutional standard must be determined from the perspective of counsel at the time that counsel acted or failed to act, not in hindsight. *Jackson v. Franke*, 364 Or 312, 327 n 9, 434 P3d 350 (2019).

If defendant decides to pursue post-conviction relief, the post-conviction court will have to determine whether his counsel's performance fell below the constitutional standard—with respect to defendant stipulating to the probation violation and not appealing the revocation judgment—and, if so, whether defendant was prejudiced as a result. Knowing how this court would rule on the merits of this appeal might be useful to the hypothetical post-conviction court, in that it would supply one piece of the prejudice analysis (which, unlike the performance prong, may be informed by later events), but the post-conviction court having to assess for itself the merits of defendant's dismissed appeal is not an adverse consequence to defendant for mootness purposes. Although a lesser consideration, we also note that, as a practical matter, given that defendant must be nearing completion of his 14-month prison sentence on the FIP conviction, and given that defendant has not yet filed any petition for post-conviction relief, it is virtually impossible that defendant could obtain post-conviction relief before completing his prison sentence. That reality makes it all the more speculative that a merits decision in defendant's favor in this case would have any practical effect on whether he obtains post-conviction relief.

The second collateral consequence claimed by defendant relates to the potential terms of post-prison supervision (PPS) that the Board of Parole and Post-Prison Supervision

may impose on him when he is released from prison. Under ORS 144.102(4)(a), the board may impose PPS terms that it considers necessary to promote public safety or to assist in defendant's reformation, given his individual circumstances. *Penn v. Board of Parole*, 365 Or 607, 635, 451 P3d 589 (2019). Defendant contends that the board is more likely to impose a PPS term prohibiting him from contact with L if we issue a decision that the no-contact probation condition was *lawful* than if we issue a decision that the no-contact probation condition was *unlawful*. But, in dismissing this appeal as moot, we are not deciding that the no-contact probation term was lawful—we are expressing no opinion on that issue. In any event, PPS terms are independent of probation conditions, and we doubt that our resolving this case on the merits would have any practical effect on what PPS terms the board chooses to impose.

Finally, the third collateral consequence claimed by defendant is that he may be liable for PPS fees when he is released from prison and placed on PPS. Defendant argues that "[a]n appeal from a probation revocation is not moot when the defendant is subject to PPS fees to which he would not have been subject had the court not revoked probation." This is not an appeal from a probation revocation, however, and defendant does not explain how the outcome of this appeal practically affects the imposition of PPS fees. To the extent that defendant's argument implicitly hinges on his successfully obtaining post-conviction relief as to the FIP probation-revocation judgment, we refer back to our discussion of the first claimed collateral consequence.

In sum, by not appealing the probation-revocation judgment, defendant has lost the ability to continue challenging the lawfulness of the former probation condition itself, because there would be no direct benefit to defendant in our deciding this appeal in his favor, and because the collateral benefits identified by defendant are too speculative. We therefore conclude that, as a prudential matter, the appeal is moot.

Appeal dismissed as moot.