Submitted January 24, appeal dismissed as moot March 22, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALBERT WAYNE JOHNSON,
*Defendant-Appellant.*

Union County Circuit Court
18CR17803; A176399

527 P3d 811

Defendant appeals a June 2021 judgment finding him in violation of his probation and extending his probation. He argues that the court's finding of a probation violation was in error, such that his probation should not have been extended. While the appeal has been pending, the trial court entered a new judgment in April 2022, revoking defendant's probation based on new probation violations and sentencing him to jail followed by a term of post-prison supervision (PPS). Defendant did not appeal the April 2022 revocation judgment. Both parties take the position that the appeal is not moot because defendant is still on PPS. Defendant contends that the reversal of the June 2021 judgment extending his probation would have the practical effect of removing him from PPS and unwinding an attorney fee imposed in the April 2022 judgment. *Held*: A reversal of the June 2021 judgment would not affect defendant's PPS term or the fee imposed on him in the April 2022 revocation judgment, because the April 2022 judgment was not appealed. Under existing precedent, and absent any explanation for how reversal of the appealed June 2021 judgment would result in an unwinding of the April 2022 judgment, the appeal is moot.

Appeal dismissed as moot.

Thomas B. Powers, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hellman, Judge.

AOYAGI, P. J.

Appeal dismissed as moot.

**AOYAGI, P. J.**

Defendant appeals a June 2021 judgment in which the trial court found him in violation of his probation and ordered his probation extended for 18 months. On appeal, the parties disagree as to whether the court committed reversible error in finding a probation violation on the basis that it did. Meanwhile, in April 2022, while this appeal was pending, the trial court entered a new judgment finding defendant to have committed two new probation violations and revoking his probation. We conclude that, because defendant did not appeal the April 2022 judgment, this appeal is moot.

In May 2018, defendant was convicted of two sex crimes and sentenced to three years of probation. As a special condition of probation, he was required to enter into and successfully complete an approved sex-offender treatment program as directed by Union County Community Corrections. Eight days before his probation was set to expire, defendant's probation officer referred him to a sex-offender treatment program. Defendant completed the intake process but obviously could not complete the program—which typically takes one to two years—in a week. The same day that defendant's probation was set to expire, the court issued a show-cause order for a probation violation, and, after a hearing, the court found him in violation of probation for "[f]ailing to complete sex offense treatment at direction of community corrections." The court adopted the state's position that, although defendant had not directly violated his probation, his conduct earlier in the probationary period had contributed to his probation officer needing to wait to refer him to sex-offender treatment until he was more stable, to avoid setting him up for failure. The court continued defendant's probation for 18 months, reasoning that allowing him time to complete sex-offender treatment while under supervision would best serve the purposes of probation, *i.e.*, public safety and rehabilitation.

Defendant appeals, challenging the finding that he violated probation. In response, the state nominally defends that finding. However, the state primarily argues that, even if it was error to find a probation violation, the error was

essentially harmless, because the court had discretionary authority to extend defendant's probation *without* finding a probation violation, and its reasoning would have supported a discretionary extension. *See* ORS 137.545(1)(a) (the court may, in its discretion, extend probation); OAR 213-005-0008(2)(a) (the court may extend probation based on finding a probation violation "or when necessary to ensure that the conditions of probation are completely satisfied"); *State v. Westom*, 320 Or App 250, 255-56, 512 P3d 850 (2022), *rev den*, 370 Or 790 (2023) (considering the trial court's discretion to extend probation without finding a probation violation as a possible alternative basis to affirm the extension of the defendant's probation, where the court erroneously believed that the defendant's conduct violated her probation); *State v. Laizure*, 246 Or App 747, 753-54, 268 P3d 680 (2011), *rev den*, 352 Or 33 (2012) (same).

After the parties' briefing was complete, we requested that they address the issue of mootness, noting that defendant had been revoked from probation in April 2022 and sentenced to 90 days in jail and two years of post-prison supervision (PPS). In response, both parties have taken the position that the appeal is not moot because defendant is still on post-prison supervision. We disagree.

A case becomes moot when our decision "will no longer have a practical effect on the rights of the parties." *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018) (internal quotation marks omitted); *see also Garges v. Premo*, 362 Or 797, 801, 421 P3d 345 (2018) ("Mootness results when a change in circumstance or some intervening event has eliminated the possibility that the requested relief can be provided."). Here, after this appeal was filed, the trial court found two new probation violations—failure to report, and failure to complete sex-offender treatment—and revoked probation. Defendant did not appeal the April 2022 probation-revocation judgment. Nonetheless, he argues that, if we were to reverse the June 2021 order extending his probation, it would have the "practical effect of removing him from PPS supervision" as well as unwinding the imposition of attorney fees in connection with the revocation hearing.

That is not so. Even if we agreed with defendant that the trial court erred in June 2021 in finding him in violation of his probation, and even if that were to lead us to reverse the order extending his probationary term, it would not have the practical effects that defendant claims. It is true that, but for the extension of his probation in June 2021, defendant would not have been on probation in April 2022, and, if he had not been on probation, he could not have been revoked. But the fact remains that we lack authority to reverse the April 2022 probation-revocation judgment, as it was not appealed. *See* ORS 138.105(1) (giving us authority to "review the judgment or order being appealed"). If we cannot reverse the probation-revocation judgment, then a decision on the merits in this case cannot affect the PPS term and fees imposed in that judgment.

The cases that defendant cites as support for his position that this appeal is not moot are distinguishable, in that they all involved adverse consequences from an appealed order or judgment. In *State v. Hardges*, 294 Or App 445, 446-48, 432 P3d 268 (2018), the defendant appealed judgments finding him in violation of probation and revoking probation, and we concluded that the appeal was not moot, even though the defendant's PPS term would expire earlier than his probationary term would have expired, because the defendant could prefer probation over PPS. In *Shelby v. Board of Parole*, 244 Or App 348, 351-52, 260 P3d 682, *rev den*, 351 Or 507 (2011), the petitioner sought review of a parole board order that placed him on parole instead of unconditional release, and we concluded that the expiration of the parole term did not render the appeal moot, because the petitioner incurred parole supervision fees that he still owed. In *State ex rel Juv. Dept. v. Garcia*, 180 Or App 279, 284-85, 44 P3d 591 (2002), the youth appealed an order placing him in a youth correctional facility, and we held that the youth's transfer to a residential treatment program did not render the appeal moot, as he was still subject to statutory consequences from the commitment order on appeal.

The case that is on point here is *State v. Lomack*, 307 Or App 596, 477 P3d 1222 (2020). In *Lomack*, the trial court found a probation violation, extended probation, and

added a new special condition of probation. *Id*. at 597-98. The defendant appealed that judgment, challenging the new condition. *Id*. at 598. While the appeal was pending, the defendant was found to have violated the new condition, and he was revoked from probation in a judgment that he did not appeal. *Id*. We concluded that his pending appeal of the earlier judgment was moot because, even if we held that it was error to impose the new special condition of probation, the defendant did not appeal the later probation-revocation judgment, such that the revocation would still stand. *Id*. at 598-99. We noted that neither party had identified, and that we were unaware of, "any authority by which reversal of a judgment imposing a probation condition would result in reversal of a subsequent judgment revoking probation for violation of that condition, absent *both* judgments having been appealed."[1] *Id*. at 599 n 1 (emphasis in original).

This case is directly analogous to *Lomack*. The adverse consequences that defendant wants undone and that he claims keep this appeal from being moot—the imposition of PPS and the imposition of a fee—have a "but for" connection to the June 2021 extension of probation, but they were actually imposed in a different judgment that has not been appealed, *i.e.*, the April 2022 probation-revocation judgment. We cannot reverse a judgment that has not been appealed and is not before us. Or, at least, as in *Lomack*, neither party has identified, nor are we aware of, any authority by which reversal of a judgment imposing a probation condition would result in reversal of a subsequent judgment revoking probation, absent both judgments having been appealed.[2]

---

[1] Of course, as we later discussed in *State v. Bates*, 315 Or App 402, 412-13, 500 P3d 746 (2021), whether a subsequent judgment will moot an existing appeal depends on the particular circumstances. In *Bates*, the defendant appealed a judgment imposing probation conditions. *Id*. at 403. While that appeal was pending, the trial court entered a probation-violation judgment that continued probation on the existing terms. *Id*. at 404. We concluded that the appeal of the original judgment was not moot, because the later judgment, which was unappealable, did not reimpose the conditions anew but simply did not modify them. *Id*. at 408, 413.

[2] In a footnote in his mootness briefing, defendant summarily asserts that he "also incurred additional costs when his probation was extended since he was financially responsible for sex-offender treatment." Defendant is referring to a term in the 2018 judgment of conviction. We reject that argument because defendant is no longer obligated to pay for sex-offender treatment (given that he has been revoked from probation); there is no evidence that he ever paid for

That leaves the issue of collateral consequences. "Even if the main issue in a controversy has been resolved, collateral consequences may prevent the controversy from being moot under some circumstances." *Barnes v. Thompson*, 159 Or App 383, 386, 977 P2d 431, *rev den*, 329 Or 447 (1999) (emphasis omitted); *see also K. J. B.*, 362 Or at 785 (practical effects of a court's decision include both direct and collateral consequences). Here, defendant has not identified any collateral consequences of the judgment on appeal. *See K. J. B.*, 362 Or at 786 (explaining that it is the appellant who must initially identify any alleged collateral consequences).

Accordingly, we conclude that this appeal is moot.

Appeal dismissed as moot.

---

treatment; and, even if he did pay for treatment in the past, he does not explain how our reversing the June 2021 judgment would result in the return of monies that he paid to a treatment provider.