No. 416 May 7, 2025 413

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GABRYL DEVONN MICHAEL POINTER,
*Defendant-Appellant.*

Marion County Circuit Court
23CN01616, 20CR54612; A181842 (Control), A181843

Matthew L. Tracey, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Appeal dismissed as moot.

**PER CURIAM**

In this consolidated criminal appeal, defendant challenges the trial court's judgment in Case No. 20CR54612, which extended defendant's probation and provided that "revocation shall result in consecutive sentences." On appeal, defendant raises one assignment of error, in which he contends that the trial court erred "when it found that defendant violated the general condition of probation to 'obey all laws, municipal, county, state, and federal' when he violated a restraining order."

During the pendency of this appeal, defendant's probation in Case No. 20CR54612 was revoked and this court affirmed the judgment revoking his probation without issuing an opinion. *State v. Pointer*, 337 Or App 425, 562 P3d 1153 (2025). Consequently, a decision by this court on the merits of this appeal would have no practical effect on defendant's rights and this appeal is moot. *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018) (explaining that "a case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties" (internal quotation marks omitted)); *Garges v. Premo*, 362 Or 797, 801, 421 P3d 345 (2018) ("Mootness results when a change in circumstance or some intervening event has eliminated the possibility that the requested relief can be provided.").

Further, although defendant contends that this case would not be moot if this court reversed the judgment revoking his probation, he has not identified any practical consequence that he believes a decision in this case would have if we affirmed the judgment revoking his probation, which, as noted, we have done. *State v. Lomack*, 307 Or App 596, 599, 477 P3d 1222 (2020) ("When the issue of mootness arises on appeal, generally, the appellant must identify any practical consequences that he or she believes that our decision would have, and then the respondent may seek to establish that the identified collateral consequences either do not exist or are legally insufficient." (Internal quotation marks omitted.)). Consequently, we dismiss defendant's appeal as moot.

Appeal dismissed as moot.