108 February 11, 2026 No. 91

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH RAY WILLIAMS,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR55415; A184753

Amanda R. Benjamin, Judge.

Submitted January 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for online sexual corruption of a child in the first degree and luring a minor. Defendant was sentenced to life imprisonment under the repeat felony sex-offender statute, ORS 137.719. On appeal, he raises five assignments of error. For the following reasons, we affirm.

*Motions for judgment of acquittal*: In his first and second assignments of error, defendant argues that the trial court erred when it denied his motions for judgment of acquittal on both charges. Defendant takes the position that the state failed to disprove the defense of entrapment as defined in ORS 161.275. When a defendant raises entrapment as a defense, "the state has the burden of disproving the defense beyond a reasonable doubt." ORS 161.055(1); *State v. McDaniel*, 251 Or App 345, 346, 283 P3d 414 (2012), *rev den*, 353 Or 209 (2013).

On review of a trial court's denial of a motion for judgment of acquittal, we "view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998).

Entrapment occurs when a defendant "engaged in the proscribed conduct because the [defendant] was induced to do so by a law enforcement official * * * for the purpose of obtaining evidence to be used against the [defendant] in a criminal prosecution." ORS 161.275(1). A defendant is "induced" to engage in criminal activity when they "did not contemplate and would not otherwise have engaged in the proscribed conduct." ORS 161.275(2). However, "[m]erely affording the [defendant] an opportunity to commit an offense does not constitute entrapment." *Id.*

Having reviewed the record in this case, we conclude that the state offered legally sufficient evidence to disprove that defendant was entrapped into committing the charged offenses, including evidence that defendant initiated the contact and continued it knowing that the other

person was underage, that defendant was the first to engage in sexually explicit communication, and that defendant was the one who encouraged the underage person to meet while making it clear that the meeting would involve sexual acts. The trial court did not err in denying defendant's motions for judgment of acquittal.

*Proportionality*: In his third and fourth assignments of error, defendant contends that the trial court violated Article I, section 16, of the Oregon Constitution by imposing a sentence of life imprisonment without the possibility of parole pursuant to ORS 137.719(1)[1] for both offenses. We review the trial court's conclusion that defendant's sentence was constitutional under Article I, section 16, for legal error. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017).

Article I, section 16, provides that "all penalties shall be proportioned to the offense." In determining whether a sentence is constitutionally proportionate to the offense, we consider three nonexclusive factors: (1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant. *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009). Having reviewed the facts of this case, including defendant's decades-long criminal history involving numerous hands-on sexual offenses committed against children, and considered the *Rodriguez/Buck* factors, we are unpersuaded that this is one of those "rare circumstances" in which defendant's sentence is constitutionally disproportionate. *See State v. Horseman*, 294 Or App 398, 408, 432 P3d 258 (2018), *rev den*, 364 Or 723 (2019) (explaining that a sentence is disproportionate only if it "shock[s] the moral sense of all reasonable people" and that "judicial review of the constitutionality of penalties will only in rare circumstances result in a holding of unconstitutional disproportionality" (internal quotation marks omitted)).

*Per diem fees*: In his fifth assignment of error, defendant challenges the trial court's imposition of per diem fees

---

[1] ORS 137.719(1) provides, "The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence."

that it did not pronounce at open court during defendant's sentencing hearing, and which appeared for the first time in the written judgment. After defendant filed this appeal, the trial court granted the state's motion to correct the judgment to remove the per diem fees and entered an amended judgment without the per diem fees. Defendant's fifth assignment of error is therefore moot. *See State v. Johnson*, 324 Or App 700, 702, 527 P3d 811 (2023) ("A case becomes moot when our decision will no longer have a practical effect on the rights of the parties." (Internal quotation marks and citation omitted.)).

Affirmed.