494 April 15, 2026 No. 303

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent*
*Cross-Appellant,*

*v.*

M. L.,
aka M. A. L.,
*Appellant*
*Cross-Respondent.*

Clackamas County Circuit Court
22JU05987; A188157

Colleen F. Gilmartin, Judge.

Argued and submitted February 18, 2026.

Gabe Newland, Deputy Public Defender, argued the cause for appellant-cross-respondent. Also on the combined reply and cross-answering brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission. On the opening brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Stacy M. Chaffin, Assistant Attorney General, argued the cause for respondent-cross-appellant Department of Human Services. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

On appeal, reversed and remanded; on cross-appeal, dismissed as moot.

**O'CONNOR, J.**

In this juvenile dependency case, mother appeals from the permanency judgments in which the juvenile court changed the permanency plan for her son, C, from reunification to placement with a fit and willing relative and the subsequent permanency judgment continuing that plan. She raises four assignments of error: (1) the juvenile court erred in ruling that the efforts of the Oregon Department of Human Services (ODHS) were reasonable as to jurisdictional basis 4(n); (2) the juvenile court erred in instructing itself that it should evaluate ODHS's reunification efforts as to an individual basis for jurisdiction and make separate rulings as to the efforts directed toward each basis for jurisdiction; (3) the juvenile court erred in changing the permanency plan; and (4) the court erred in continuing the permanency plan that was in place after having erroneously been changed. In a cross-appeal, ODHS asserts that the juvenile court erred when it ruled that ODHS did not make reasonable efforts to help mother learn to meet C's high needs (jurisdictional basis 4(a)). For the reasons explained below, on mother's appeal, we reverse and remand, and we dismiss ODHS's cross-appeal as moot.

The underlying procedural facts are not in dispute. C, age 11 at the time of the permanency hearing, was removed from his parents' care in February 2023. C has disabilities, including a mild intellectual delay and a speech-and-language impairment. He needed to wear a diaper to school and required ongoing help with self-care, toileting, brushing his teeth, and hygiene. On March 14, 2023, the juvenile court asserted jurisdiction over C based on mother's and father's admissions to certain allegations. The three jurisdictional bases relative to mother are the following:

- 4(a)  "The child has developmental needs that require structure, supervision, and/or treatment that the mother failed to provide."

- 4(b)  "The child is in need of medical treatment that the mother failed to provide."

- 4(n)  "The mother needs to participate in a drug and alcohol evaluation and any recommended treatment without which there's risk of harm as the child tested positive for controlled substances during a period he was in the care and custody of the parents."

In May 2023, C was placed in a resource home that specialized in working with children with disabilities. Father died in September 2023. C was returned to mother's care in December, but he was ultimately removed from mother's care again and returned to the resource home in April 2024, where he remained at the time of the permanency hearing.

The juvenile court held a hearing on February 18, 2025, at which ODHS asked the court to change the permanency plan from reunification to placement with a fit and willing relative. *See* ORS 419B.476(5)(b)(D) ("fit and willing relative" placement as plan option). C agreed with the change of plan. Mother objected to the change of plan and asked the court to schedule a contested permanency hearing, which the court did. That contested hearing was held on April 18, 2025.

After hearing testimony and receiving evidence on April 18, the juvenile court took the matter under advisement. The court issued a written letter decision on June 11, 2025, in a document titled "permanency judgment." The court subsequently entered a permanency judgment dated July 16, 2025, using the model permanency judgment form; that judgment also refers to the April 18 hearing.[1]

In the June 11 letter decision, the court separately addressed two of the three jurisdictional bases as to mother and was silent as to the third. As to basis 4(a) the court stated, in part,

---

[1] At a hearing on July 16, 2025, the court explained to the parties that her office was contacted by the Attorney General, who asked for a "permanency judgment in the form typically used," so the court had issued that judgment and wanted to inform the parties that that had been done but that "nothing has changed." We observe that in the form judgment dated July 16, the court checked the boxes on page four indicating that ODHS has and has not made reasonable efforts to reunify the family and finalize the permanent plan of reunification, which is consistent with the earlier judgment it had signed.

"While the court finds that historically [mother] has not provided the structure, supervision and treatment to address the child's specific needs, the court finds ODHS did not provide reasonable efforts regarding this specific jurisdictional basis and there is insufficient evidence for the court to decide as to whether further services would ameliorate the issue."

Regarding jurisdictional basis 4(n), the court stated, in part, "Based on the evidence the court finds ODHS has provided extensive services to assist the mother in addressing her substance use issue, including referrals to treatment, a parent mentor, and UA testing." The court went on to state that

"[mother's] lack of understanding or appreciation for the risk of harm to her child by her continued substance use has resulted in her child testing positive and continues to be a barrier to a return home within a reasonable amount of time. There is no evidence before the court that additional services would support a determination under Oregon law that further efforts will make it possible for the child to return home within a reasonable time."

Based on those determinations, the court ordered that the plan be changed from reunification to placement with a fit and willing relative. At the next permanency hearing, on July 16, 2025, the juvenile court continued the permanent plan of placement with a fit and willing relative.

Mother appealed from the three judgments. As noted above, she raises four assignments of error on appeal; she provides a combined argument. We begin with her second assignment of error because it is dispositive. In that assignment, she contends that the juvenile court erred by evaluating the reasonable efforts of ODHS as to two jurisdictional bases separately and not making a determination on the third jurisdictional basis. She argues that Oregon law requires the court to evaluate the department's efforts as to the adjudicated bases under the totality of the circumstances. In mother's view, under the totality of the circumstances, ODHS did not meet its burden to show that it had made reasonable efforts. She asks that we reverse all three judgments, return the parties to the *status quo ante*, and remand with instructions for the juvenile court to conduct a new permanency hearing.

In response, ODHS agrees with mother that the juvenile court legally erred when it did not make a singular reasonable-efforts determination based on the totality of the circumstances. Despite that error, ODHS urges us to affirm the juvenile court's determination to change the plan. In the event we are not inclined to affirm the change of plan, ODHS asks us, in the alternative, to reverse with instructions to the juvenile court to correct its determination that ODHS did not make reasonable efforts.

The Oregon Supreme Court has explained the standard of review that applies here. It stated,

> "ORS 419B.476 governs the conduct of permanency hearings and changes to permanency plans. *** [T]he juvenile court is directed to 'determine whether [DHS] has made reasonable efforts *** to make it possible for the ward to safely return home and whether the parent has made sufficient progress to make it possible for the ward to safely return home.' ORS 419B.476(2)(a). ORS 419B.476 also provides that, in making that determination, 'the court shall consider the ward's health and safety the paramount concerns.' *Id.* If the court concludes that DHS has made reasonable efforts to reunify the family and that the parents have not made sufficient progress to permit the safe return of the child, then the court may change the permanency plan to something other than reunification ***. ORS 419B.476(5)(b)(B)-(E)."

*Dept. of Human Services v. C. H.*, 373 Or 26, 45-46, 559 P3d 395 (2024) (second ellipsis and second brackets in original; footnote omitted). The court noted that it had not previously addressed whether a "reasonable efforts" determination is a factual finding or a legal conclusion; it ultimately concluded that "the juvenile court's determination of reasonable efforts *** is a legal conclusion" that is reviewed for errors of law. *Id.* at 47, 48-49. Neither party requests *de novo* review.[2] As such, "we are bound by the juvenile court's factual findings if there is any evidence in the record to support them" and "we consider the evidence in the light most favorable to the juvenile court's disposition to determine whether it supports that court's legal conclusions." *Id.* at 46, 47.

---

[2] We have discretion to conduct *de novo* review under ORS 19.415(3)(b), which permits *de novo* review in equitable actions or proceedings other than termination of parental rights proceedings. We do not conduct *de novo* review here.

In *C. H.*, the court also explained that "assessing the reasonableness of DHS's efforts to assist parents in that endeavor is most fairly accomplished by inquiring into DHS's efforts over the course of the agency's involvement with the family," and held that "the court must consider the totality of the circumstances related to that issue." *Id*. at 51. In accordance with that requirement, we agree with both parties here that the juvenile court erred when, rather than determining whether ODHS's efforts were reasonable under the totality of the circumstances, it made separate determinations as to two of the three jurisdictional bases—concluding that reasonable efforts had been made as to one and not made as to the other—and did not address the third.

We are not persuaded by ODHS's argument that we should affirm despite the juvenile court's legal error. Although ODHS acknowledges that the juvenile court erred when it determined that ODHS both made and did not make reasonable efforts, it argues that because the juvenile court changed the permanency plan, that reveals that the juvenile court determined under the totality of the circumstances that ODHS made reasonable efforts.[3] We do not draw that inference from the record. The juvenile court made a legal determination that there were no reasonable efforts as to one of the jurisdiction bases. We cannot say, on this record, that the juvenile court would have concluded that ODHS made reasonable efforts if the court understood that the reasonable-efforts determination is a single determination based on the totality of the circumstances. We recognize that ODHS provides services to address the established individual jurisdictional bases. When making the single determination required under ORS 419B.476(2)(a) based on the totality of the circumstances, a juvenile court should consider any efforts ODHS has made as to the individual bases. *See Dept. of Human Services v. H. C.*, 344 Or App 302, 310-11, 580 P3d 342 (2025), *rev den*, 375 Or 109 (2026) (whether ODHS has made reasonable efforts "will inevitably arise out

---

[3] ODHS also argues that the evidence in the record is sufficient to support a determination that ODHS made reasonable efforts under the totality of the circumstances. Given our ultimate disposition reversing and remanding the permanency judgments, and the subsequent judgment continuing the plan, for the juvenile court to apply the correct legal test, we do not reach that assertion.

of the jurisdictional bases"). And in some cases, a jurisdictional basis (for example, mental health or substance abuse) might be causing the other bases. In that situation, a juvenile court may properly conclude that ODHS has made reasonable efforts towards reunification when ODHS focused its efforts on that foundational basis. *Id.* at 304 (concluding that "ODHS may focus its ameliorative efforts toward reunification on one of two jurisdictional bases, based on its determination that the two bases are so connected that curing one depends on first curing the other"). In every case, however, the juvenile court must ultimately make a single reasonable-efforts determination under the totality of the circumstances. *C. H.*, 373 Or at 50-51; *see also H. C.*, 344 Or App at 311 ("Ultimately, whether ODHS's efforts are reasonable will depend on the totality of circumstances of the case, in light of all of the existing bases for jurisdiction[.]"). The juvenile court did not make that determination in this case.

We thus agree with mother that the proper disposition here is to reverse the judgments, and we remand for the juvenile court to make the single reasonable-efforts determination in the first instance. *See Dept. of Human Services v. S. S.*, 283 Or App 136, 388 P3d 1178 (2016) (reversing and remanding permanency judgment that changed the permanency plan when juvenile court failed to conduct the legal analysis required by ORS 419B.476(5) and ORS 419B.498(2) to determine most appropriate permanency plan).

Mother also contends that we should instruct the juvenile court to conduct a new permanency hearing under the correct framework rather than remand for application of that framework to the "stale record from the April 2025 hearing." She relies on our decision in *Dept. of Human Services v. S. E. D.*, 337 Or App 448, 563 P3d 1014 (2025), in support of that contention. In *S. E. D.*, we concluded that the juvenile court had erred in failing to make sufficient findings as required by ORS 419B.476(2)(a), and we reversed and remanded a permanency judgment in which the court had changed the child's permanency plan from reunification to guardianship. *Id.* at 449. There, the permanency hearings were continued and took place over the course of eight months. At the last of the hearings, the court had relied on

"five- or eight-month-old conclusions regarding efforts and progress when making the determination to change the permanency plan." *Id*. at 455. We explained that "the court was required to make findings about [ODHS's] efforts and evaluate [the] mother's progress as of the time of the change in the plan, and not simply conclude that the efforts had been reasonable and mother's progress was insufficient many months earlier." *Id*. at 455-56.

ODHS relies on *Dept. of Human Service v. S. E.*, 338 Or App 110, 565 P3d 480, *rev den*, 373 Or 736 (2025), to support its argument that, if our decision is to reverse and remand, the juvenile court may properly reevaluate the evidence from the April 2025 permanency hearing—without holding a new permanency hearing—and reconsider its reasonable-efforts determination based on a correct application of the law. In *S. E.*, we reversed and remanded two of the three dependency judgments that had changed the permanency plans for the mother's three children. *Id*. at 112. We concluded that the juvenile court had not erred when it determined that the mother had made insufficient progress and changed the plan. *Id*. However, we concluded that the juvenile court had erred when it changed the permanency plans for two of the children to a fit and willing relative because its determination was based on ODHS's misrepresentation of the law that the children's group homes qualified as fit and willing relatives under the applicable statute. *Id*. at 112, 119. We reversed and remanded "for the juvenile court to reconsider its determination of the appropriate plans based on a correct understanding of the law." *Id*. at 122.

This case is more similar to *S. E. D.* than to *S. E.* On remand, the juvenile court will be tasked with considering the totality of the circumstances regarding reasonable efforts in order to correctly make that determination, which is one of the necessary determinations to be made, along with assessing mother's progress, before the court can change the permanency plan. *See* ORS 419B.476(2)(a) ("If the case plan at the time of the hearing is to reunify the family, [the court shall] determine whether [ODHS] has made reasonable efforts *** to make it possible for the ward to safely return home and whether the parent has made

sufficient progress to make it possible for the ward to safely return home. * * *"). The court may consider the history of the case, including the evidence from the prior permanency hearing, as part of the totality of the circumstances. But the juvenile court must also consider current information as of the time of the plan change and cannot base its determination solely on information from a hearing that took place in April 2025. *S. E. D.*, 337 Or App at 455-56. Therefore, we remand for a new permanency hearing.

We briefly address ODHS's cross-appeal in which it contends that the juvenile court erred when it ruled that ODHS did not make reasonable efforts to help mother learn to meet C's high needs. Although ODHS agrees that the court erred when it determined that ODHS both did and did not make reasonable efforts, it maintains its position that under the totality of the circumstances ODHS provided mother with reasonable efforts. ODHS relies, in part, on *H. C.*, for that argument.[4] ODHS argues that the appropriate remedy is either to affirm the juvenile court's judgment because it correctly changed C's plan or to remand with instructions for the juvenile court to delete its determination that ODHS did not provide reasonable efforts to help mother address C's high needs.

*H. C.* does not apply here. As we explained above, the juvenile court determined that ODHS had not made reasonable efforts as to one jurisdictional basis, had made reasonable efforts as to the second, and did not address a third. Unlike in *H. C.*, the juvenile court in this case did not determine that ODHS's efforts toward reunification were reasonable overall because ODHS had reasonably focused on a foundational jurisdictional basis. Additionally, given our resolution of mother's appeal that the matter needs to be retried at a new hearing with current information, the relief that ODHS seeks cannot be provided. For that reason, we dismiss the cross-appeal as moot. *See Garges v. Premo*, 362 Or 797, 801, 421 P3d 345 (2018) ("Mootness results when a change in circumstance or some intervening event has eliminated the possibility that the requested relief can be provided.")

---

[4] For its cross-appeal, ODHS relies on its arguments in its answering brief.

In sum, the juvenile court erred as asserted in mother's second assignment of error, and we reverse the judgments and remand for a new permanency hearing. Mother's third and fourth assignments are resolved by that disposition, which also obviates the need to reach mother's first assignment. ODHS's cross-appeal is dismissed as moot.

On appeal, reversed and remanded; on cross-appeal, dismissed as moot.